LUTHE vs. THE FARMERS' MUTUAL FIRE INSURANCE COMPANY OF RIPON.

*September 21 — October 10, 1882.*

REVERSAL OF JUDGMENT. *(1) When judgment reversed for lack of findings of fact.*

TOWN INSURANCE COMPANY: SCHOOL-HOUSE. *(2) Policy upon school-house void. (3) "School-house" defined. (4) Evidence showing building to be such.*

1. In an action tried by the court without a jury the absence of all findings of fact upon the issues made by the answer is ground for the reversal of the judgment, unless all the evidence is preserved in a bill of exceptions, and brought to this court as a part of the record.
2. Under sec. 10, ch. 103, Laws of 1872, and sec. 1931, R. S., prohibiting town insurance companies from insuring school-houses without a majority vote of the members, a policy of insurance upon a school-house, issued without such vote, is *ultra vires* and void, and a policy so issued upon a dwelling-house becomes void, if afterwards the dwelling-house is converted into a school-house. The doctrine of consent and waiver does not apply to such a case.
3. The term "school-house," in the statute above cited, was used in its generally accepted meaning as "a house or building in which a

school is kept," and is not restricted in its application to a *district* school-house.

4. The evidence in this case (for which see the opinion) shows that the building upon which the policy of insurance in suit was issued was at the time of the loss a school-house within the prohibition of the statute.

APPEAL from the Circuit Court for *Green Lake* County.

Action upon a policy of insurance against fire. The answer alleged in substance that, by the terms of the policy, notice to the officers of the company of the loss was a condition precedent to the right to payment, and that no such notice had been given; that the defendant was a town insurance company and had no right or authority to insure a school-house, that the building claimed to have been burned was used and occupied at the time as a school-house, that the defendant never assented to such use, and that the risk was increased thereby; that improvements and additions had been made to such building, increasing the risk, without notice to or consent of the defendant, as required by the policy; that it was provided by the policy that in case of a failure to agree with regard to a loss a committee of reference should be appointed, whose award should be final, that such mode of settlement was exclusive, and that no such committee had been appointed although the defendant had always been ready and willing that it should be appointed; that the building claimed to have been burned had been only partially consumed, although the plaintiff had falsely and fraudulently sworn that the same was wholly destroyed. The case was tried by the court, without a jury. The evidence given upon the trial, so far as it is material to the decision of this court, will sufficiently appear from the opinion. The findings of the circuit court were as follows:

"1. That at the time of the making of the insurance policy hereinafter mentioned the defendant was, and ever since has been, a corporation duly organized under the laws of this state and doing business therein as an insurance company.

AUGUST TERM, 1882.	545

Luthe vs. The Farmers' Mutual Fire Ins. Co. of Ripon.

"2. That said company, did on or about July 6, 1876, issue to one Wm. Searls its policy of insurance on the dwelling-house described in the complaint, wherein and whereby the said company insured the said Wm. Searls against loss by fire on said dwelling-house to the amount of $200 for five years from and after the date of said policy.

"3. That on or about the 28th day of December, 1877, the plaintiff, S. Luthe, became the owner of said dwelling-house and at the same time became by due assignment the owner of the aforesaid policy of insurance and was such owner of said house and policy on November 29, 1880.

"4. That on November 29, 1880, said dwelling-house was totally destroyed by fire.

"5. That all the material allegations of the complaint are true."

As conclusions of law the court found that the policy was in force at the time of the fire and that the plaintiff was entitled to judgment for $200 with interest and costs. From a judgment in accordance with such findings the defendant appealed. The bill of exceptions contained all the evidence given upon the trial.

The cause was submitted for the appellant on the brief of E. L. Runals.

For the respondent there was a brief by Comstock & Niskern, his attorneys, with Jackson & Thompson, of counsel, and oral argument by Mr. Jackson.

ORTON, J. There is such an entire absence of all findings by the circuit court on the issues made by the answer that the judgment would be reversed for that reason, if all of the evidence had not been preserved in a bill of exceptions and brought to this court as a part of the record. Dogge v. N. W. N. Ins. Co., 49 Wis., 501; Wis. River Lumber Co. v. Plumer, id., 666.

The policy was written on the building as a dwelling, and

the answer in effect charges that such building was afterwards converted into a school-house, and at the time of its loss by fire it had become and was a school-house, and was used and occupied as such. The prohibition of town insurance companies by sec. 10, ch. 103, Laws of 1872, and sec. 1931, R. S., from insuring buildings of this character without a majority vote of its members, is clear and explicit. It is not contended that if the policy had been written upon a school-house it would have been valid, nor, as we understand the brief of the respondent's counsel, that if the dwelling insured had been converted into a school-house proper that the policy would not thereby have become void. A policy of this company without such vote cannot lie and subsist on a school-house. That a policy of insurance on a dwelling, which was afterwards, during the life of the policy, converted into a school-house, would thereby become void, is clearly within the reason of the legislative prohibition. Such a prohibited policy is *ultra vires*, and becomes so whenever the building falls clearly within the prohibited class of buildings which are not allowed by law to be insured by such a company, whether at the date of the policy or afterwards. The doctrine of consent and waiver is not applicable to such a case, because the law makes the restriction of power, and not a mere regulation of the company. *Janesville Bridge Co. v. Stoughton*, 1 Pin., 667; *Madison, etc., Plankroad Co. v. Watertown, etc.*, 7 Wis., 59; *Rock River Bank v. Sherwood*, 10 Wis., 230; *Clark v. Farrington*, 11 Wis., 306; *N. W. Union Packet Co. v. Shaw*, 37 Wis., 655. The most important question in this case, and the only one which we deem it necessary to consider, is whether in fact this building had been converted into a school-house and was such at the time of the loss.

A school-house, according to Webster, is "a house appropriated to the use of schools, or for instruction;" and according to Worcester, "a house or building in which a school

is kept." The statute unquestionably used the term "school-house" in its generally accepted meaning, according to these standards, and did not use it in the restricted sense of a district school-house; for the reason of the law, if there was any, and we must presume there was, would be as applicable to any other school-house. That reason evidently was that this class of buildings might be more hazardous, or more likely to be burned through negligence, than a dwelling. In respect to that reason, the testimony of the plaintiff was especially significant: "The teacher was in and built a fire for the school, and kept the children in, and before the school commenced it burned up." The testimony of the plaintiff was to the effect that the building had not been occupied as a dwelling for about a year before the fire, and that the construction of one or more rooms in it had been changed to be suitable for a school, and the school-room so prepared was fitted up with a stove and benches, and a table or desk for each scholar, and a table or desk for the teacher, and that the plaintiff employed a teacher to teach his own children therein, and the children of his neighbors, for a term of three months, and that the school had from ten to twelve scholars, and that others who sent children to the school paid as tuition, or towards the teacher's board, fifty cents a week for each scholar, and that the school had been kept two or three weeks before the fire. The instruction was in the German language. One John Naper sent from two to four scholars to the school, and paid eight dollars for their tuition, according to his testimony, and his daughter Julia, one of the scholars, testified in relation to the school and its condition to the same effect as the plaintiff. The sole use of the building at the time of the fire was for this school, although the plaintiff testified that he intended the building to be used the next spring as a dwelling for his son and family. Without argument on the question, it seems clear to us that this building was a school-house at the time it was

burned, and comes clearly within the above definitions, as "a house for instruction," or as "a house or building in which a school is kept," and that it was within the prohibition of the statute. The policy of insurance was therefore void and of no effect at the time of the loss by fire, and the circuit court should have so found.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded, with the direction that the complaint be dismissed.