McCoy vs. Northwestern Mutual Relief Ass'n.

McCoy, Respondent, vs. Northwestern Mutual Relief Association, Appellant.

*February 21 — March 10, 1896.*

*Mutual benefit societies: Conflict between by-laws and contract of insurance: Liability in case of suicide: Waiver: Estoppel.*

1. A provision against liability in case of death by suicide, contained in a certificate of membership in a mutual relief association, though not authorized by its by-laws, is a binding part of the con-

tract of insurance, if not in violation of the articles of organization of the association.

2. A contract of life insurance expressly excluding liability in case of death by suicide cannot be changed by the application of the doctrine of waiver or estoppel so as to cover death from that cause.

APPEAL from a judgment of the circuit court for La Fayette county: GEO. CLEMENTSON, Circuit Judge. ' *Reversed.*

This action was brought by the plaintiff against the defendant, a corporation doing an insurance business on the co-operative plan, on certificate of membership No. 7,844, issued to William McCoy, April 11, 1889, which matured and became payable to plaintiff as beneficiary, by his death by suicide, July 8, 1892, unless the manner of such death constitutes a defense to plaintiff's claim.    The certificate, by its terms, requires defendant to pay plaintiff eighty per cent. of an assessment made upon the members of the association, under its system, not exceeding in all $2,000.    The only method or remedy by which plaintiff can enforce her rights as beneficiary is by an action in equity to compel the association to comply with the terms of the certificate by making an assessment upon its members and paying the proceeds thereof to her, not exceeding in all $2,000.    Plaintiff's claim was duly proved under the rules and regulations of the association and the terms of the certificate, and, after the termination of the period within which defendant was required to levy the assessment, it having neglected and refused so to do on the ground that the assured came to his death by suicide, this action was brought.

The application made by the assured for membership in the association, upon which the certificate was issued, contained the following: " I hereby agree that the association assumes no liability in case of suicide or self-destruction, and that the certificate of membership shall contain the usual terms, conditions, and regulations. . . ." Indorsed on the back of the certificate, and made a part of the contract.

of insurance, was the following: "(1) Suicide or self-destruction of the member herein named, whether voluntary or involuntary, sane or insane, at the time thereof, is not a risk assumed by this association. . . . (2) Neither the member . . . nor the association shall be liable upon the certificate . . . for any suicide or self-destruction for a greater amount than eighty per cent. of the assessments paid by such member."

The trial court found facts in accordance with the foregoing. Also, in effect, that the articles of organization of the defendant, when the certificate was issued, provided that members should be entitled to receive benefits upon such terms and subject to such regulations as prescribed by the board of directors or the executive committee; that, until January 15, 1890, there was no by-law or regulation of the defendant adopted in accordance with such articles, or at all, authorizing the issuance of a certificate with the provision against liability in case of death by suicide or self-destruction; that by the by-laws and regulations existing prior to the date mentioned all certificates were payable absolutely upon maturity by death, whether caused by suicide or otherwise, and that the form of application and certificate used by the association up to February 7, 1889, was in accordance therewith, after which date, by the secretary of the association, without authority of the board of directors, a provision was inserted in the applications and indorsed on the back of the certificates used, similar to the provisions in the application and on the back of the certificate in question, limiting mortuary benefits to cases of death from causes other than suicide or self-destruction; that in November, 1889, notice was sent to the members of the association, including the deceased, of a proposed amendment to the by-laws, providing against liability in case of death by suicide or self-destruction, and on the 15th day of January, 1890, pursuant to such notice, such an amendment was duly adopted, and it

was provided that all certificates issued prior to January 25, 1890, should be known as "Old Series," and those issued after January 24, 1890, should be known as "New Series;" that a new provision was made in regard to the classification of certificates and in regard to assessments, applicable only to the new series, and it was further provided that members holding old series certificates should be assessed according to the old by-laws, though such holders might exchange such certificates for certificates of the new series; that on the 9th day of January, 1890, accompanied by a notice of an assessment, the deceased received a communication from the defendant in the form of a circular letter addressed to each member of the association, to the effect that after January 21, 1890, a new form of certificate would be issued, containing advantages over the old form, in that, among other things, there would no longer be any liability in case of death by suicide; that thereafter, July 11, 1892, he received another circular letter, calling attention to the new regulations, and urging the exchange of the old for the new certificates, because of the exemption from liability in case of suicide; that prior to the death of the assured he paid eighteen assessments in consequence of the death of members, two of which were by suicide, one of such being November 30, 1890, and the other April 29, 1891, and in each case notice of the assessment was given, together with notice of the cause of death.

The court found, as conclusions of law, in effect, that the provisions in the application and on the back of the certificate in regard to liability in case of death by suicide were not in accordance with the by-laws of the defendant existing at the time such certificate was issued, and therefore they they formed no part of the contract of insurance; that defendant had repeatedly shown that it so interpreted the contract by assessing the assured upon his certificate to pay death losses caused by suicide, and that defendant had waived

any right to insist on such provisions by repeatedly assessing the assured for his full proportion of losses which accrued to the association on account of the death of members by suicide.

Exceptions were taken on the part of defendant necessary to raise the questions here considered. Judgment was rendered in plaintiff's favor in accordance with the conclusions of the trial court, and from such judgment this appeal was taken.

*H. W. Chynoweth*, for the appellant, argued, among other things, that the contract would be good even though it ran against the provisions of the by-laws. *Palmer v. Comm. Travellers' M. A. Asso.* 53 Hun, 601; *Block v. Valley Mut. Ins. Asso.* 52 Ark. 201; *Morrison v. Wis. O. F. M. L. Ins. Co.* 59 Wis. 162; *Davidson v. Old People's M. B. Soc.* 39 Minn. 303; *National Bank v. Matthews*, 98 U. S. 621; *National Bank v. Whitney*, 103 id. 99; *Swope v. Leffingwell*, 105 id. 3; *Fortier v. N. O. Nat. Bank*, 112 id. 439; *Reynolds v. Crawfordsville F. Nat. Bank*, id. 405.

For the respondent there was a brief by *Orton & Osborn* and *Wilson & Martin*, and oral argument by *P. A. Orton*. They contended, *inter alia*, that the stipulations of the policy that the defendant should not be liable in case of suicide are interpolations, placed there by the secretary and manager without any authority whatever, and contrary to the by-laws of the association and its articles of incorporation, and are therefore void and form no part of the contract. Niblack, Benefit Soc. § 97; *McCoy v. Roman Catholic Mut. Ins. Co.* 152 Mass. 272; *Evans v. Trimountain M. F. Ins. Co.* 9 Allen, 329; *Swett v. Citizens' M. R. Soc.* 78 Me. 541; *Hirsch v. U. S. Grand Lodge O. B. A.* 56 Mo. App. 101; *Hall v. Merrill*, 47 Minn. 260; *Covenant M. B. Asso. v. Spies*, 114 Ill. 463; *Metropolitan S. F. A. Asso. v. Windover*, 137 Ill. 417; Cooke, Life Ins. § 11; 2 Am. & Eng. Ency. of Law, 176; 16 id. 44; *Day v. Mill-Owners' M. F. Ins. Co.* 75

Iowa, 694; *Supreme Lodge K. P. v. LaMalta*, 95 Tenn. 157. The stipulations are also invalid because they destroy the equality of rights and liabilities between certificate holders, which is the essential principle of mutual insurance. *Mac-Kinnon v. Mut. F. Ins. Co.* 83 Wis. 12; *Davis v. Parcher & J. & A. Stewart Co.* 82 id. 488, 498; *Great W. Tel. Co. v. Burnham*, 79 Wis. 47; *Bowen v. Kuehn*, id. 53; *Clevenger v. Mut. L. Ins. Co.* 2 Dak. 114; Niblack, Ben. Soc. § 17; 16 Am. & Eng. Ency. of Law, 66, 67; *Marblehead M. F. Ins. Co. v. Hayward*, 3 Gray, 208; *Peoples' Equitable M. F. Ins. Co. v. Arthur*, 7 id. 267.

MARSHALL, J.   It clearly appears from the foregoing statement of facts that the contract which the appellant and the assured made, as evidenced by the application for and the certificate of membership, provides in clear, unmistakable language against liability in case of death by suicide or self-destruction; but it is contended that, notwithstanding such is the case, the provisions in that regard do not form a part of the contract between the parties, because the by-laws of the association, at the time deceased was admitted to membership, did not authorize any such limitation upon its liability, and that such by-laws must prevail over the express contract of the parties, in case of conflict.   Such is the position of the respondent, as we understand it, and of the learned circuit judge before whom the case was tried at the circuit.   If such is the law, obviously the judgment must be affirmed, because it is well settled that, if a contract for life insurance does not provide against liability in case of death by suicide or self-destruction, then such cause of death does not constitute a defense.   *Mills v. Rebstock*, 29 Minn. 380; *Darrow v. Family Fund Soc.* 116 N. Y. 537; *Fitch v. Am. Pop. L. Ins. Co.* 59 N. Y. 557; *Freeman v. Nat. Ben. Soc.* 42 Hun, 252.

The articles of organization of the association did not con-

McCoy vs. Northwestern Mutual Relief Ass'n.

tain any prohibition against the acceptance of members under contract providing against liability in the event of death by suicide or self-destruction. So, at the most, the issuance of the certificate in this case was a mere violation of the by-laws, which would not necessarily affect the contract. *Morrison v. Wis. O. F. M. L. Ins. Co.* 59 Wis. 162. It was there held, in effect, that where the certificate of membership of a mutual benefit society is inconsistent with the by-laws of the association, the certificate is, nevertheless, binding upon the company according to its terms; distinguishing between the rule thus laid down and the rule in *Luthe v. Farmers' M. F. Ins. Co.* 55 Wis. 543, where a policy of insurance, issued in a manner prohibited by the charter of the company, was held void on that ground. To the same effect is *Davidson v. Old People's M. B. Soc.* 39 Minn. 303; also *Fitzgerald v. Equitable R. F. L. Asso.* 3 N. Y. Supp. 214, where it is held, in effect, that, in the absence of fraud, a provision in a certificate of membership in a mutual life association will prevail over a clause in the by-laws of such association conflicting therewith and tending to limit its liability, though the application stipulates that such by-laws shall constitute a part of the contract. So in *Union Mut. F. Ins. Co. v. Keyser*, 32 N. H. 313, where it is held, in effect, that if a policy of insurance is issued in violation of the by-laws, if not prohibited by the charter, it is binding according to its terms on the corporation or association issuing it. *Hirsch v. U. S. Grand Lodge O. B. A.* 56 Mo. App. 101, cited to the contrary, appears to be in perfect accord with the foregoing.

While the decisions are not numerous on this subject, there is no substantial conflict, and we understand the general principle to be firmly established that though, generally speaking, a member of a mutual benefit association or insurance company is bound to take notice of its by-laws, even if not recited or referred to in the certificate of membership

or policy, yet, when such certificate or policy and the by-laws conflict, so long as the contract as written is within the power of the association under its charter or articles of organization, it will prevail over the by-laws, and by it the rights and liabilities of the parties must · be determined. Niblack, Ben. Soc. & Acc. Ins. § 147.

It follows from the foregoing that the conclusion of the trial court, to the effect that the by-laws of the appellant must prevail over the application for and the certificate of membership, cannot be supported, but, on the contrary, the latter must prevail and be held the measure of the liability of the association on the certificate, and that no recovery thereon can be had unless by reason of the facts it is estopped from insisting upon the contract as made and from setting up the cause of death as a defense.

It is claimed that the conduct of the association in its dealing with the deceased was such as to induce a belief on his part that, in the event of death by suicide, that fact would not be insisted upon as a defense, notwithstanding the provisions of the contract in that regard; that he relied upon such conduct by refusing to exchange his certificate for one of the new series, though repeatedly invited so to do, and twice paid assessments when the cause of death was suicide; and that it should now be estopped from having the benefit of any different position under its contract to the prejudice of the plaintiff. On this branch of the case much learning is displayed, and the general subject of waiver and estoppel in cases of forfeitures by breaches of conditions in contracts of insurance is ably discussed in respondent's brief in support of the contention that appellant is estopped from insisting upon a forfeiture in this case; but we are unable to see how the settled rules under which it is held that a forfeiture or condition of forfeiture may be waived applies here. What is insisted upon is not really the waiver of a forfeiture, or an equitable estoppel against insisting upon a

McCoy vs. Northwestern Mutual Relief Ass'n.

condition of the policy, the violation of which would other-wise work a forfeiture. It is a misuse of the term to so speak of the loss of benefits under the certificate in question. What is here sought is not to prevent a forfeiture, but to make a new contract; to radically change the terms of the certificate so as to cover death by suicide, when by its terms that is expressly excluded from the contract. We do not understand that the doctrine of estoppel or waiver goes that far. After a loss accrues, an insurance company may, by its conduct, waive a forfeiture; or by some act before such loss it may induce the insured to do or not to do some act contrary to the stipulations of the policy, and thereby be estopped from setting up such violation as a forfeiture; but such conduct, though in conflict with the terms of the con-tract of insurance and with the knowledge of the insured and relied upon by him, will not have the effect to broaden out such contract so as to cover additional objects of insur-ance or causes of loss. To illustrate the principle here laid down, a policy of insurance against loss by fire cannot have ingrafted upon or added to it, by way of estoppel or waiver, provisions for insurance against loss by any other cause; and no more can a policy of life insurance, expressly limited to payment of a sum of money in the event of death from causes other than suicide or self-destruction, be broadened out by the application of the law of waiver or estoppel so as to cover the cause excluded under the contract. While a forfeiture of benefits contracted for may be waived, the doctrine of waiver or estoppel cannot be successfully invoked to create a liability for benefits not contracted for at all.

From the foregoing it follows that the judgment of the circuit court must be reversed, and the cause remanded with directions to dismiss the complaint and render judgment in favor of the defendant for costs.

*By the Court.*— Judgment accordingly.