420

■ In the Matter of JESSE C. EDWARDS, Respondent, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, 'Appellant.— Order so denominated, entered June 23, 1965, granting claimant-respondent's motion for leave to sue the Motor Vehicle Accident Indemnification Corporation (MVAIC), pursuant to section 618 of the Insurance Law, unanimously reversed on the law, with $30 costs and disbursements to appellant MVAIC, and the motion is denied. Claimant was not a "qualified person" within the meaning of section 618, inasmuch as he fell into the mutually exclusive category of an "insured", as elsewhere defined in the Insurance Law (Insurance Law, § 601, subds. b, i). Any rights claimant, as an "insured", may have to proceed against MVAIC are derived from statutory provisions other than section 618 and from the standard New York Automobile Indemnification Endorsement (e.g., *Matwijko* v. *Zoladz Lbr.*, 16 A D 2d 1024; *Matter of Balletti* v. *Motor Vehicle Acc. Ind. Corp.*, 16 A D 2d 814). Nor does the fact that an exclusion found in the standard New York Automobile Indemnification Endorsement, based on claimant's eligibility for workmen's compensation coverage, negate the fact that he is an "insured" as defined, notwithstanding it may bar claimant from proceeding against MVAIC. An exclusion, in insurance parlance, serves the purpose of taking out persons or events otherwise included within the defined scope of coverage. Moreover, a contrary construction would frustrate the statutory purpose underlying the creation of MVAIC, which was designed to compensate injured persons who were otherwise without any recourse to any compensatory fund. Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.

■ LINN B. TURECAMO, Appellant-Respondent, v. VINCENT C. TURECAMO, Respondent-Appellant.— Order entered on September 16, 1965, denying motion for a modification of decree of separation unanimously modified on the law and the facts insofar as it denies plaintiff's application for a hearing, and hearing ordered on the motion and cross motion, with $30 costs and disbursements to appellant to abide the event. The decree of separation sought to be modified was entered in 1959. It provided for support to the wife and two infant children in the amount of $200 per week. Concededly defendant has paid sums far in excess of this provision. He has given notice that he intends to reduce his payments to the amount provided for in the order. The material increase in the amount of support actually provided over a considerable period of time is a sufficient prima facie showing that support provided in the order is inadequate. Defendant in his cross motion claims that the additional sums were obtained by connivance and trickery. If so they were involuntary and a scale of living in accord with them would not entitle plaintiff to any increase in support. These issues require a hearing (*Blum* v. *Blum*, 11 A D 2d 1064). Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.

■ In the Matter of the Estate of CAROL I. HOLLISTER, Deceased.— Motion for leave to appeal to the Court of Appeals granted. Concur — Breitel, J. P., Valente, McNally, Eager and Staley, JJ.