Norman BORTZ, by his Guardian ad Litem, Axelrod: Norman G. BORTZ, and another, Plaintiffs, v. MERRIMAC MUTUAL INSURANCE COMPANY, Defendant-Respondent: THRESHERMEN'S MUTUAL INSURANCE COMPANY, Defendant-Respondent: SCHMIDT, and others, Defendants: UNITED BENEFIT INSURANCE COMPANY, Defendant-Appellant.†

Court of Appeals

*No. 78–703. Submitted on briefs July 11, 1979.—*
*Decided October 26, 1979.*
(Also reported in 286 N.W.2d 16.)

---

† Petition for review denied.

For the defendants and co-appellants the cause was submitted on the brief of *Frederick J. Wagner, Karen A. Mercer* and *Wagner and Mercer* of Baraboo.

For the defendant and appellant United Benefit Insurance Company the cause was submitted on the briefs of *Richard P. Ruh, Schlotthauer, Johnson, Mohs, Mac-Donald & Widder,* of Madison.

For the respondents the cause was submitted on the brief of *Raymond R. Colwin* and *Colwin, Fortune, Colwin & Pomeroy, S.C.,* of Fond du Lac.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J. This matter is before us on an appeal from an order of the circuit court denying a motion to strike defenses and denying an alternative motion for summary judgment. We affirm.

The issues are:

1. Is the appeal of United Benefit Life Insurance Company moot?

2. Does sec. 632.25, Stats., which limits the effect of "conditions" in an employer's liability policy, apply to "exclusions" from coverage?

3. Do endorsements subsequent to issuance of a liability policy constitute the issuance of a new policy?

1. *Appeal Not Moot As To United Benefit*

Norman Wayne Bortz, a minor, and his parents commenced this action against Merrimac Mutual Insurance Company and its reinsurer, Threshermen's Mutual Insurance Company, Robert and Marjorie Schmidt and Harold and Esther Ott as well as United Benefit Life Insurance Company.

The action results from personal injuries sustained by the minor in a farm tractor accident alleged to have been caused by the negligence of the Schmidts and Otts. Plaintiffs and the individual codefendants claim that a liability policy issued by Merrimac covers the accident and so allege in their respective complaint and cross-claim against Merrimac and Thresherman's.

Plaintiffs joined United Benefit as a defendant because United Benefit issued a health policy to the parents of Bortz and paid about $60,000 to them to cover medical expenses. United Benefit has a subrogation interest in any recovery by the parents of Bortz. United cross-claimed against Merrimac and Threshermen's to recover its subrogation claim.

Merrimac and Threshermen's denied coverage because of a policy exclusion. Plaintiffs and defendants Schmidts, Otts and United moved to strike the defenses of Merri-

mac and Threshermen's and for summary judgment dismissing those defenses. The trial court denied the motions. The plaintiffs, Schmidts and Otts, but not United, petitioned this court for leave to appeal the nonfinal order of the trial court. We granted leave to appeal. United subsequently petitioned for leave to intervene. We granted that petition.

A post-appeal settlement resulted in dismissal of the appeals of the minor and his parents and of their co-appellants, the Schmidts and Otts, but not of the appeal of United.

Merrimac and Threshermen's have moved to dismiss United's appeal on grounds that it is moot because United failed to file a petition for leave to appeal and because the underlying suit has been settled.

United's status as a party is not affected by having been made such through a petition to intervene rather than through a petition for leave to appeal. Rule 809.13, Stats., provides that we may grant a petition to intervene upon a showing that the petitioner's interest meets the requirements of rule 803.09 (1) or (2), Stats. Rule 803.09 (1) provides that a motion to intervene shall be permitted if the movant claims an interest in the subject of the action and is so situated that the disposition of the action may, as a practical matter, impair or impede the movant's ability to protect that interest, unless the movant's interest is adequately represented by existing parties. United has a vital interest in establishing coverage by Merrimac's policy because of United's subrogation claim in any recovery by the parents of plaintiff.

The settlements between the parties have not affected the interest of United. The issue of coverage by Merrimac continues to be substantial as to United because it involves a possible source of payment of United's subrogation claim.

We conclude that United's appeal is not dependent upon the other appeals, that United remains a party to the appeal and that the issues are not moot as to United. The motion to dismiss as to United will be denied.

2. *Positions Of The Parties*

United takes the position in its cross-claim that one of the policies issued by Merrimac provides coverage as to the accident, notwithstanding the following exclusion:

EXCLUSIONS—SECTION II
This policy does not apply:

. . . .
(g) under coverages A & B, to bodily injury to

. . . .
(2) any farm employee employed in violation of law as to age, if the occurrence arises out of any power driven machine other than an automobile, . . . .

Merrimac and Threshermen's contend that the facts, as conceded on appeal, bring this accident within the exclusion. The plaintiff minor was injured while operating a farm tractor over 20 PTO horsepower. He was fifteen years old at the time of the accident which occurred August 1, 1977. Section 103.67(2)(e), Stats., permits minors twelve years of age and over to be employed in agricultural pursuits but sec. 103.65(1) prohibits the employment of minors in any employment which is dangerous or prejudicial to their life, health, safety or welfare. Section Ind. 70.06(22)(a)1, Wis. Adm. Code, declares that operating a tractor of over 20 PTO horsepower is "particularly hazardous for the employment of minors 12 through 15 years of age."

United does not dispute the applicability of the exclusion clause to the facts but argues that each policy is subject to the provisions of sec. 632.25, Stats., and that the policy therefore covers the accident. Section 632.25 provides:

Any condition in an employer's liability policy requiring compliance by the insured with rules concerning the safety of persons shall be limited in its effect in such a way that in the event of breach by the insured the insurer shall nevertheless be responsible to the injured person under s. 632.24 as if the condition has not been breached, but shall be subrogated to the injured person's claim against the insured and be entitled to reimbursement by the latter.

It is United's position that the exclusion in the policy is a "condition" within the meaning of sec. 632.25. United also contends that although each policy was issued May 3, 1976, and sec. 632.25 was created by ch. 375, Laws of 1975, effective June 22, 1976, an endorsement to the policy after the effective date of the statute constituted issuance of a new policy which subjected it to the statute.

3. *Conditions Do Not Encompass Exclusions*

United contends that "condition" as used in sec. 632.25, Stats., is a broad term encompassing "exclusions" and that an exclusion is but one type of condition. United contends that the intent of the legislature is to apply sec. 632.25 to all policy provision limiting liability in the event of violation by an employer of safety rules, whether those provisions are conditions or exclusions.

As stated in *Wis. Environmental Decade v. Public Service Comm.*, 81 Wis.2d 344, 350, 260 N.W.2d 712, 715 (1978) :

In construing a statute, the primary source used is the language of the statute itself. *Nekoosa-Edwards Paper Co. v. Public Service Commission*, 8 Wis.2d 582, 591, 99 N.W.2d 821, [826] (1959). When a statute is ambiguous, it is permissible to look to the legislative intent, which is to be found in the language of the statute in relation to its scope, history, context, subject matter, and object intended to be accomplished. *State ex rel. Arnold v. County Court*, 51 Wis.2d 434, 439–40, 187 N.W.2d 354 [357] (1972). A statute is ambiguous if,

looking at the language of the statute, a well informed person could have become confused.

We conclude that the statute is unambiguous. A well-informed person reading the statute would do so in light of the common understanding of terms used in an insurance policy. The difference between policy conditions and exclusions is well recognized.

"In an insurance policy, an exclusion is a provision which eliminates coverage where, were it not for the exclusion, coverage would have existed." *Kan.-Neb. Nat. Gas Co. v. Hawkeye-Sec. Ins.*, 195 Neb. 658, 664, 240 N.W.2d 28, 32 (1976). "An exclusion, in insurance parlance, serves the purpose of taking out persons or events otherwise included within the defined scope of coverage." *Edwards v. Motor Vehicle Accident Indemnification Corp.*, 25 A.D.2d 420, 266 N.Y.S.2d 460, 461 (1966).

The insuring provisions, conditions, and exceptions of a liability insurance policy are designed for certain express purposes. They evince for such purposes that the policy is intended to afford protective coverage; the conditions provide for avoidance of the policy or coverage for a specific loss if a certain stipulated event occurs or the insured does or fails to do certain required things. Exceptions or exclusions define coverage limitations or expressly refuse to assume a specific hazard or risk. Rowland H. Long, *The Law of Liability Insurance* vol. 2, sec. 17.15 at 17–19 (1978).

Section 632.25, Stats., refers to the "breach" of the "condition." This is in keeping with the principle that conditions but not exceptions or exclusions may be breached.

Conditions provide for avoidance of liability if they are breached. An exception does not provide for a forfeiture, nor need it do so, since there never was an assumption of risk, there can be no liability under the policy al-

though the policy remains in force in respect to the risks assumed. Long, *supra*.

A condition subsequent is to be distinguished from an exclusion from the coverage; the breach of the former is to terminate or suspend the insurance, while the effect of the latter is to declare that there never was insurance with respect to the excluded risk. 7 *Couch on Insurance* sec. 36:48 at 348 (2d ed. 1961).

The difference between a policy condition and an exclusion is critical to application of the doctrines of waiver and estoppel.

Breach of a warranty or of a condition renders the contract defeasible at the option of the insurer; but if he so elects he may waive his privilege and power to rescind by the mere expression of an intention so to do. In that event his liability under the policy continues as before. But for an excepted loss the insurer is under no liability whatever. He, therefore, cannot by a naked waiver assume a nonexistent duty. Vance, *Handbook on the Law of Insurance* sec. 76 at 427 (3d ed. 1951).

*McCoy v. Northwestern Mutual Relief Ass'n.*, 92 Wis. 577, 66 N.W. 697 (1896), held that waiver and estoppel may apply to breaches of conditions in insurance contracts but not to excluded losses. The policy in *McCoy* excluded coverage if the insured committed suicide. The court held that application of the doctrines of estoppel or waiver would "radically change the terms of the certificate so as to cover death by suicide, when by its terms that is expressly excluded from the contract." 92 Wis. 577, 585, 66 N.W. 697, 699 (1896).

United refers us to *Goodwillie and another v. The London Guarantee & Accident Co.*, 108 Wis. 207, 208, 209, 84 N.W.164, 165 (1900), where, according to United, the following was an "exclusionary condition": "If any child is illegally employed on the work of the assured, the company will not be liable for any injuries which may be thereby sustained or occasioned." The issue in *Good-*

*willie* was the proper construction of the clause. The question whether the clause was part of a condition or an exclusion did not arise. The court simply referred to it as a "further condition" and looked to the intent of the parties for its meaning after finding it was ambiguous. 108 Wis. 207, 208–09, 211–12.

We are also referred to *Ahnapee & W. R. Co. v. Challoner,* 34 Wis.2d 134, 142, 148 N.W.2d 646 (1967), in which an action was brought to reform a policy on the ground that through a mistake it did not provide certain coverage and, in the alternative, to estop the defendants from claiming that the policy excluded coverage. The finding of the trial court that no mutual mistake occurred was affirmed. The supreme court also held that estoppel may apply to a forfeiture of benefits but not to create a liability for coverage not contracted for, relying on *McCoy,* 92 Wis. 577, "as one of the early and important cases on the subject." *Ahnapee,* 34 Wis.2d 134, 141, 148 N.W.2d 646, 650. The court said as part of that discussion:

The coverage provisions of the policy must, of course, be distinguished from its liability provisions. As a general rule, conditions and terms, either of an inclusionary or exclusionary nature in the policy, go to the scope of the coverage or delineate the risks assumed, as distinguished from conditions and terms which furnish a ground for the forfeiture of coverage or defeasance of liability. 34 Wis.2d 134, 142, 148 N.W.2d 646, 650.

Although the distinction between policy conditions and exclusions is blurred in the quotation from *Ahnapee,* the reliance in the opinion upon *McCoy* where the difference was critical indicates that the distinction continues to exist.

United has furnished quotations from *Sears v. Illinois Indemnity Co.,* 121 Cal. App. 211, 221, 9 P.2d 245, 249 (1932); *Crahan v. Automobile Underwriters, Inc.,* 116

Pa. Super. Ct. 353, 356, 176 A. 817, 818 (1935) ; *Wasilko v. Home Mutual Casualty Co.*, 210 Pa. Super. Ct. 322, 328, 232 A.2d 60, 63 (1967) ; and *Reismann v. New Hampshire Fire Insurance Co.*, 312 F.2d 17, 20 (5th Cir. 1963), in which exclusions are referred to as conditions. The distinction between an exclusion and a condition is not discussed in those cases and we do not consider them to be authority for the proposition that "condition" includes "exclusion."

Appellate also refers to sec. Ins. 6.76(2) (c), Wis. Adm. Code, in support of its contention that "conditions" encompasses "exclusions." That rule provides that a fire, inland marine or other property insurance form may be disapproved by the Commissioner of Insurance if it does not include clauses covering, where appropriate, "Conditions suspending, restricting or voiding the coverage provided." An exclusion limits the scope of coverage provided by the policy in the first place. An exclusion does not modify that coverage by suspension, restriction or voidance of coverage provided by the policy. Section Ins. 6.76(2) (c) in no way supports appellant's position.

We conclude that the term "condition" used in sec. 632.25, Stats., is unambiguous and does not refer to an exclusion. As the defense relied upon by Merrimac and its reinsurer is based upon the exclusion in its policy, sec. 632.25 is inapplicable.

In view of our conclusion that sec. 632.25, Stats., is inapplicable to the exclusion relied upon, we need not decide whether endorsements issued after the effective date of sec. 632.25 subject the policies to that statute.

*By the Court.*—The motion to dismiss the appeal is denied. The order of the circuit court denying United's motion to strike defenses and denying an alternative motion for summary judgment is affirmed.