914 F.2d 260
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
NICOLET HIGH SCHOOL DISTRICT, Plaintiff-Appellee,
v.
CONTINENTAL CASUALTY COMPANY, Defendant-Appellant.
 No. 89-3142.
 United States Court of Appeals, Seventh Circuit.
 Argued June 4, 1990.
Decided Sept. 18, 1990.
 
 Before BAUER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 Nicolet High School District (Nicolet) sued Continental Casualty Company (Continental) in state court for reimbursement under an insurance policy. Continental removed the case to federal court on the grounds of diversity. The district court denied summary judgment in favor of Continental and granted summary judgment in favor of Nicolet. We reverse and remand to the district court with directions to enter summary judgment for Continental.
 
 I.
 
 2
 Continental issued a Board of Education Liability policy (BEL policy) to Nicolet insuring Nicolet and its board members against any loss resulting from a wrongful act for which the member was legally obligated to pay. Exclusion IV(b)(6) of the policy's liberalization endorsement excluded coverage "for loss in connection with any claim against the insureds or the school district ... for any amounts due, under the terms of any contractual obligation." The exclusion stated that it did not apply to defense costs of any "claim or suit or arbitration ... resulting from failure to perform or breach of any contract."
 
 
 3
 While covered by the BEL policy, Nicolet informed Spanish teacher June Domoe it would not renew her contract due to her unsatisfactory teaching performance. At the time, Nicolet was party to a collective bargaining agreement which provided that "no teacher will be nonrenewed except for incompetency, inefficiency, reduction in staff or other good and sufficient reason."
 
 
 4
 Ms. Domoe pursued a breach of contract claim through the arbitration procedure as required under the collective bargaining agreement. The arbitrator ordered Ms. Domoe's reinstatement and that she be made "whole by payment to the grievance of a sum of money equal to wages and benefits which she would have earned had her contract been renewed." Ultimately, the Wisconsin Supreme Court upheld the arbitration award. Nicolet High School District v. Nicolet Education Association, 118 Wis.2d 707, 348 N.W.2d 175 (1984). The parties subsequently settled, with Nicolet agreeing to pay Ms. Domoe $124,900.82 in lieu of reinstatement.
 
 
 5
 Continental agreed to reimburse Nicolet for defense costs but refused to indemnify Nicolet for the settlement amount, relying on exclusion IV(b)(6). Nicolet filed suit in state court against Marsh & McLennan, a consulting firm that advised Nicolet with respect to its insurance needs, and later added Continental as a defendant. Continental removed the case to federal court[1] and moved for summary judgment. The district court denied Continental's motion and sua sponte ordered summary judgment in favor of Nicolet. Continental appeals.[2]
 
 II.
 
 6
 The BEL policy covers losses resulting from Nicolet's wrongful acts. Paragraph III(c) defines a wrongful act as "any ... breach of duty by [Nicolet or its board members] in the discharge of their duties...." Nicolet's loss in this case resulted from its breach of the collective bargaining agreement. Since a breach of contract is clearly a breach of duty, the loss resulted from a wrongful act by Nicolet. Thus the policy covers the settlement unless an exclusion applies.
 
 
 7
 Exclusion IV(b)(6) excludes coverage "for loss in connection with any claim ... for any amounts due, under the terms of any contractual obligation." Nicolet argues, as the district court held, that the exclusion is ambiguous as applied to the facts of this case and therefore should be construed in favor of coverage. See Insurance Company of North America v. Universal Mortgage Corporation of Wisconsin, 82 Wis.2d 170, 178, 262 N.W.2d 92 (1978).
 
 
 8
 If a policy's general insuring clause does not cover a loss, the insured cannot recover. If the general insuring clause does cover a loss, the insured can recover, but only if no exclusion applies. An exclusion would be superfluous if it excluded losses which the insuring clause does not cover. See Bortz v. Merrimac Mutual Insurance Co., 286 N.W.2d 16, 19 (Wis.App.1979) ("In an insurance policy, an exclusion is a provision which eliminates coverage where, were it not for the exclusion, coverage would have existed.") (quoting Kansas-Nebraska Nat. Gas Co. v. Hawkeye-Sec. Ins., 195 Neb. 658, 664, 240 N.W.2d 28, 32 (1976)). Therefore, the exclusion in this case must apply to losses due to wrongful acts (because that is what the insuring clause covers) relating in some way to a contract (because that is what the exclusion refers to). In other words, exclusion IV(b)(6) applies to losses connected with breach of contract claims. See, e.g., New Madrid County Reorganized School District No. 1 v. Continental Casualty Company, 904 F.2d 1236, 1241 (8th Cir.1990) (holding the exclusion at issue here does not apply to a teacher's suit to address violations of constitutional rights, but implying that the exclusion would apply to a "suit for breach of contract."); see also Continental Casualty Co. v. Anne Arundel Community College, 867 F.2d 800 (4th Cir.1990) (same).
 
 
 9
 Nicolet concedes the exclusion applies to breach of contract claims, but only those arising from contracts with an express requirement to pay damages. Only then, asserts Nicolet, can the amount due be said to be "under the terms" of the contract. We disagree. Whether there is a clause that specifies damages or not, the terms of the contract delineate the obligation's nature and extent. The excluded "claims" under the terms of the "contractual obligation" included the wages and benefits the arbitrator awarded. See Thorp Sales Corp. v. Gyuro Grading Co., 331 N.W.2d 342, 346 (Wis.1983) ("[T]he award of damages for a breach of contract should compensate an injured party for losses that necessarily flow from the breach.... An injured party is entitled to the benefit of his agreement...."). Ms. Domoe's claim against Nicolet was a breach of contract claim, and she was awarded an amount "equal to wages and benefits which she would have earned had her contract been renewed." This was an amount due to Ms. Domoe under the terms of the contract, as was the subsequent settlement. We believe the exclusion unambiguously removes Continental's obligation to pay that amount.
 
 
 10
 The district court erred both in denying summary judgment in favor of Continental and in granting summary judgment sua sponte in favor of Nicolet. The district court's order is reversed. The case is remanded to the district court with directions to enter summary judgment in favor of Continental.
 
 
 
 [1]
 Marsh & McLennan did not join in the removal petition as is required by 28 U.S.C. Sec. 1441(a). However, no one objected, and the case proceeded to trial on the merits. Therefore the defect is not at issue on appeal. See Vantine v. Elkhart Brass Mfg. Co., 762 F.2d 511, 518 (7th Cir.1985)
 
 
 [2]
 The claim against Marsh & McLennan has not been decided. The district judge found no just reason to delay Continental's appeal and made the proper Rule 54(b) certification