Agnes NELSON and Oswald Nelson, minors, by T. N. Nelson, their father and next friend, on behalf of himself and others similarly situated, Petitioners,

v.

The Honorable H. H. GROOMS, Judge of the United States District Court for the Northern District of Alabama, Southern Division, Respondent.

No. 19759.

United States Court of Appeals
Fifth Circuit.

Aug. 17, 1962.

---

Constance Baker Motley, New York City, Orzell Billingsley, Jr., Peter A. Hall, Birmingham, Ala., for petitioners.

Before RIVES, BROWN and WISDOM, Circuit Judges.

RIVES, Circuit Judge.

The petitioners pray for a writ of mandamus to the United States District Court for the Northern District of Alabama and to the Honorable H. H. Grooms, Judge of said Court, directing the said District Court to promptly hear and determine petitioners' motion for preliminary injunction filed in said Court on June 13, 1962. On the same date, Judge Grooms had entered the following order in the case:

"The plaintiffs' motion for preliminary injunction was presented this day. The Court has carefully considered the complaint in this cause and finds that it encompasses claims similar in all respects to the claims asserted in the case of Dwight Armstrong, et al., Plaintiffs, vs. The Board of Education of the City of Birmingham, et al., being Civil Action No. 9678 pending in this court.

"Upon reviewing the status of the proceedings in the latter case, the Court finds that that case is now at issue and is advised by Judge Lynne that the case will have an early trial date, very likely not later than October, 1962. The Court is, therefore, of the opinion, to save much time and expense, that the hearing on the motion for preliminary injunction herein should be postponed pending the hearing on the merits in Civil Action No. 9678.

"It is, therefore, ORDERED, ADJUDGED and DECREED that the hearing on the motion for preliminary injunction herein be and the same is postponed until the hearing on the merits in Civil Action No. 9678.

"Done and Ordered, this the 13 day of June, 1962.

"/s/ H. H. Grooms
"DISTRICT JUDGE."

The petition for mandamus has commented as follows concerning the case referred to in Judge Grooms' order:

"The Armstrong case has been pending since June 17, 1960. No date has been set for a hearing on the merits of that case although same is at issue. The plaintiffs in the Armstrong case are different from the petitioner in this case although the defendants are the same. The issue in both cases is the same, i. e., whether the plaintiffs are entitled to an injunction enjoining the continuance of racial segregation in the public school system in the City of Birmingham. Counsel for the plaintiffs in the Armstrong case are not the same as counsel for the petitioner here. Counsel for the plaintiffs in the Armstrong case are: W. L. Williams, Jr., 1630 Fourth

Avenue, North, Birmingham, Alabama, and Ernest D. Jackson, Sr., 410 Broad Street, Jacksonville, Florida."

Judge Grooms has filed an answer, prepared by himself to the writ of mandamus, which concludes as follows:

"Respondent respectfully submits that to proceed simultaneously with two identical class actions involving identical issues for determination will result in a useless and wasteful consumption of time and effort, and needless expense. This court has a heavy burden of work, and this burden should not be multiplied by duplicate efforts of its judges."

As has been quoted, the petition for mandamus alleges that the plaintiffs in the Armstrong case are different from the petitioners in this case. Both cases, however, are class actions. The complaint in the Armstrong case states that the plaintiffs

"* * * bring this action on their own behalf and on behalf of all other Negro children who are similarly situated and affected by the policy, practice, custom and usage complained of herein. The minor plaintiffs and and (sic) other minor Negro children similarly situated are eligible to attend and are presently attending public schools in the city of Birmingham which are under the jurisdiction, management and control of the defendants and which are all limited be (sic) defendants to attendance by Negro children. The members of the class on behalf of which plaintiffs sue, are so numerous as to make it impracticable to bring them all individually before this court, but there are common questions of law and facts involved, common grievances arising out of common wrongs, and a common relief is sought for each plaintiff and for each member of the class. The plaintiffs fairly and adequately represent the interests of the entire class."

We have been cited to and have found no case deciding whether it is permissible to have pending in the same district court two class actions seeking virtually the same relief, or whether the plaintiffs filing the later class action should more properly seek to intervene in the suit already filed, pursuant to the provisions of Rules 23 and 24, Federal Rules of Civil Procedure, 28 U.S.C.A.

■ Where two actions involving the same parties and the same issues are pending before two federal courts it has been held that the court in which the second proceeding is initiated will normally, in the absence of countervailing factors, stay the proceedings pending the outcome of the prior similar suit between the same parties in the other federal court. Culbertson v. Midwest Uranium Co., D.C.Utah, 1955, 132 F. Supp. 678. See 2 Moore's Federal Practice, 2d ed., Sec. 3.06(2), page 737, note 11, in which other authorities are collected. The general rule is well settled that, "* * * the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North American Co., 1936, 299 U.S. 248, 254, 255, 57 S.Ct. 163, 81 L. Ed. 153.

■ The discretion of the district court is recognized also in 28 U.S.C.A. § 137, providing in part: "The business of a court having more than one judge shall be divided among the judges as provided by the rules and orders of the court." Such discretion is further recognized in Rule 42(a), Federal Rules of Civil Procedure, as follows:

"(a) *Consolidation.* When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters

in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

It seems clear to us that the District Court has not abused its discretion in this cause, and the petition for writ of mandamus is

Denied.

JOHN R. BROWN, Circuit Judge (concurring specially).

I concur but not without some real misgivings.

Of course, no problem exists if it is viewed as a writ directed against Judge Grooms. This it is, but it is against the district court, and the Judge as a person enters the picture since he is the human instrument of action.

When it is looked on as the district court the picture is quite different. That court is an instrument separate and apart from the various judges serving on it. That court, as such, has a duty to act with reasonable promptness.

It is simply beyond belief that this "very same case" should have been allowed to pend undecided since 1960. While some of the relief sought may be novel, the case is the very, very simple one of a federal court order to put an end to a segregated school system—a matter as to which I gather, there is no real dispute.

Why it should have taken this long to get pleadings, motions, etc. in shape, I cannot imagine. Just what is going to be so complicated about the trial now scheduled for October is likewise beyond my knowledge.

The matter is now simple: Does Birmingham have a segregated system? If—and there is really no if—that is so, then the question is: What is being done to eradicate it? We have now made it plain by cases which are an affectation to cite that a *plan* of desegregation must

be offered or the district court must fashion its own plan.

Here it is 1962. This is eight years after the warning to commence with deliberate speed. More than that, the case about to be heard to consider non-existent defenses will not take place until October. That means that for yet another year Birmingham has put off the "evil" day, for by the time the case is heard, argued, briefed and submitted the opening of the Fall term will have passed and it will be too late administratively to accommodate the school system to the Constitution.

A mandamus proceeding is an unfortunate technique. It puts a Judge in an adversary position. It is even more unfortunate when the Judge proceeded against has so lately come into contact with the case. But the case—Negro children who seek only their constitutional rights—is now an old and ancient one. Perhaps the best proof that there is a need for a "second" class action seeking identical relief is the singular lack of success in getting anything effectively done by those presuming to represent the class in the first case.

I think the district court, by whatever Judge its members choose to assign, has a duty to proceed here and now to the disposition of a case of first importance. Those aspects which may be novel should, or may, be put to one side. In the meantime there should be an early and effective declaration of rights and the issuance of appropriate injunctions so that the wheels will at least start to turn at some speed whether deliberate, or, if the past is any indication, more likely at a slow, if not a snail's, pace.

This is a matter of clear right. It ought not to be encumbered by the embarrassing predicament of attacking a conscientious, vigorous, energetic Judge, as is Judge Grooms, for non-performance of duty. The class is the victim of impermissible delay. But so is Judge Grooms the victim of an unsupportable charge that he has failed in the discharge of his personal duty.