The **HOME INSURANCE COMPANY,**
Plaintiff,

v.

**COASTAL LUMBER COMPANY and
The McBurney Corporation,**
Defendants.

Civ. A. No. C83–1514A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 2, 1983.

James M. Poe, Drew, Eckl & Farnham, Atlanta, Ga., for plaintiff.

David G. Russell and John E. Ramsey, Kutak, Rock & Huie, Atlanta, Ga., for Coastal Lumber.

Robert B. Hill and Howard M. Lessinger of McLaine & Merritt, P.C., Atlanta, Ga., for McBurney Corp.

## ORDER

FORRESTER, District Judge.

This action is before the court on plaintiff's "Motion for Stay of Proceedings." Plaintiff seeks an order staying discovery and all other proceedings in Civil Action No. C83–1219A, styled *Coastal Lumber Company, Plaintiff v. The McBurney Corporation, Defendant*, which is presently pending before this court. Home Insurance Company (Home) is the insurer of The McBurney Corporation (McBurney). Coastal Lumber Company (Coastal) filed Civil Action No. C83–1219A to recover from McBurney for damages allegedly caused by a defective boiler system. This action will be referred to as the damages case. McBurney notified Home of the lawsuit and demanded that Home undertake its duty to defend McBurney as provided for in the insurance contract. Home refused to defend, claiming that the damages sought were outside the coverage provided for by the contract. Home subsequently brought this action for a declaratory judgment as to its rights and responsibilities under the contract with McBurney. Home argues that because of the complexity of the issues involved in the damages case and the extremely technical nature of the evidence, this court should stay all discovery and all other proceedings in that case until it is determined whether Home has any duty to defend in that case. Home argues that if a stay is not granted and it is subsequently determined that some of the damages were included within the policy, that it will have to go through the entire discovery process for itself.[1]

1. Plaintiff Home frankly admits a conflict of interest between itself and its insured. Home asserts that counsel representing McBurney will conduct discovery with the goal of supporting

■ The power of a trial court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *see Nelson v. Grooms*, 307 F.2d 76 (5th Cir.1962); *see CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir.1962). However, this power must not be exercised lightly. The interests of all the parties and the interests of the court in an orderly disposition of its caseload must be considered. For example, where two actions involving the same parties and the same issues are pending in either the same federal court or in different federal courts, the interest in judicial economy militates heavily in favor of either staying one of the actions or consolidating them. *See Nelson v. Grooms*, 307 F.2d 76 (5th Cir.1962). Where similar actions involving similar parties are pending in state and federal courts, however, principles of comity and federalism outweigh the interest in judicial efficiency and militate against entry of a stay of the state court action. *See Maryland Casualty Co. v. Pacific Coal and Oil Co.*, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941).

■ However, the action plaintiff Home wishes this court to stay does not involve issues or facts identical to those in the present suit. It is an action by an injured plaintiff to recover damages. Plaintiff Home had an opportunity to participate in that suit, and was in fact requested to do so by defendant McBurney. Any injury which Home claims as a result of its absence from that action are solely the result of its own choice. On the other side of the ledger is the interest of the injured plaintiff in being compensated for the damages it claims to have suffered as a result of the negligence of McBurney. It appears to this court that the interests of Home in staying the action do not outweigh the inconvenience and possible harm which would result to plaintiff by delaying its action.

In *Central Surety and Insurance Corporation v. Norris*, 103 F.2d 116 (5th Cir. 1939) the trial court faced a similar question to that presented here. Although the action sought to be stayed lay in state court, the federal court did not base its denial of the requested stay solely on a policy against enjoining state court actions. The court analyzed the equities and concluded:

> [I]t does not follow that the actions for damages pending or prospective ought to be enjoined. The declaratory proceeding does not cover the same issues, nor can it afford the injured persons full relief. They are claiming Mrs. Norris and her husband are personally liable. The policy liability is limited to $20,000 and the two suits already filed are for $50,000. The policy may be wholly insufficient to cover all recoveries. *Delay is always harmful to such suits.* Insolvency might overtake Mrs. Norris, or even the Insurance Corporation. Death of a party may defeat such an action. Witnesses may die or disappear or their memory grow faint. A question of limitation may be raised. *It would not be equitable, if there is power, to delay these persons in the legal pursuit of their rights in order to enable an insurance company not yet sued to ascertain where it stands under a contract it has made with someone else. Id.* at 117 (emphasis added).

This court is persuaded that the reasoning of *Central Surety and Insurance Corporation v. Norris* should control in the present case. It would not be fair to

---

the position that if any damages are owed they are within the coverage of the policy. Home argues that if it were pursuing discovery, it would be attempting to support the position that any damages owed would be outside of the policy and owed by McBurney. Therefore, if the stay is not entered and this court later determines that Home has a duty to defend, Home will have to reopen discovery. The court merely notes that if the interests of Home and its insured are so antagonistic, then the duty to defend clause of the insurance contract is rather hollow.

Coastal, an injured party seeking compensatory damages, for this court to put Coastal on a back burner while Home seeks a declaratory judgment as to its duties under a contract it has made with someone else. The motion for a stay of Civil Action No. C83–1219A is therefore DENIED.