958 F.2d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kimuel LEE, Plaintiff-Appellant,
v.
John BENEDICT; Susan K. Cross; Thomas D. Schmidt; Los
Angeles County Sheriffs Department, et al.; Steve
Morrison; Coast Club, Inc., Defendants-Appellees.
 No. 91-55031.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 1992.*
Decided March 20, 1992.
 
 Before CANBY, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kimuel Lee appeals the district court's dismissal of his civil rights action. We affirm in part and reverse in part.
 
 BACKGROUND FACTS
 
 3
 On February 14, 1990, Lee filed a civil rights action against the Sheriff's Department and John Benedict, a sheriff's deputy. He alleged that the Sheriff's Department and Benedict deprived him of his constitutional rights by authorizing and assisting the towing of his mobile home on February 15, 1989. Lee amended the complaint on June 4, 1990 to add Sheriff's Department employees Susan Cross and Linda Spradlin and to add a towing company, Coast Club Service, Inc., and its employee, Steve Morrison.[1] The Sheriff's Department and its employees are hereafter referred to as the County defendants.
 
 
 4
 On June 26, 1990, Coast Club and Morrison (hereafter collectively referred to as Coast Club) filed a motion to dismiss for failure to state a claim. The gravamen of Coast Club's motion was that the statute of limitations had run by the time Lee amended his complaint to add it as a party. On August 15, 1990, the County defendants filed a motion to dismiss for failure to state a claim. Thereafter, the magistrate judge recommended that Lee's original action be dismissed with prejudice against Coast Club towing because the statute of limitations had run and dismissed without prejudice against the County defendants. As to the County defendants, the magistrate judge recommended denying the motion to dismiss for failure to state a claim. However, she recommended dismissal solely because Lee had filed a second identical action. The district court adopted the report and recommendation and dismissed the case.
 
 DISCUSSION
 A. DISMISSAL OF COUNTY DEFENDANTS
 
 5
 We review de novo the district court's dismissal of a complaint. Whittington v. Whittington, 733 F.2d 620, 621 (9th Cir.1984) (dismissal for lack of subject matter jurisdiction).
 
 
 6
 The magistrate judge recommended dismissing the action without prejudice because Lee had filed an identical second action. Lee had "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir.1977). However, despite the fact that Lee's actions were identical, dismissal of Lee's first action was not the proper course. Rather, "[w]hen the district court became aware that the two actions begun [by Lee] were virtually identical, it could have dismissed [his] second complaint without prejudice or it could have stayed proceedings in the second action until judgment was entered in the first." Id.
 
 
 7
 Another course of action available to the district court would have been to consolidate the two actions, see Home Ins. Co. v. Coastal Lumber Co., 575 F.Supp. 1081, 1083 (N.D.Ga.1983), but the court denied Lee's motion to consolidate. If the court declines to consolidate the actions, it should adjudicate the claims in the order in which jurisdiction was obtained, i.e. the action first filed should proceed on the merits while the later filed action is stayed or dismissed. See, e.g., General Reinsurance Corp. v. Ciba-Geigy Corp., 853 F.2d 78, 81 (2d Cir.1988) (appropriateness of district court's decision to stay proceedings determined, inter alia, by the order in which jurisdiction was obtained by the forums). Of course, a litigant's rights may be severely prejudiced if a different order of dismissal is followed. Here, for example, by the time Lee filed his second complaint the one year statute of limitations for civil rights claims had run as to all parties. The district court erred in dismissing Lee's first action against the County defendants.
 
 B. DISMISSAL OF COAST CLUB AND MORRISON
 
 8
 Civil rights claims advanced under section 1983 are governed by a one-year statute of limitations. Usher v. City of Los Angeles, 828 F.2d 556, 558 (9th Cir.1987). Coast Club was not added as a party until June 4, 1990, nearly a year and a half after Lee's cause of action accrued.
 
 
 9
 The magistrate judge properly found that Lee failed to meet Rule 15(c)'s relation-back requirements, and thus his claims against Coast Club were time-barred. See Norton v. International Harvester Co., 627 F.2d 18, 22 (7th Cir.1980). On the record, no set of facts can cure the defect. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). Lee was given an opportunity to file an amended complaint to state other claims, if he could. He did not do so. Thus, the district court properly dismissed Lee's complaint against Coast Club with prejudice.
 
 
 10
 C. DENIAL OF PRELIMINARY INJUNCTION AND AWARD OF SANCTIONS
 
 
 11
 It is unclear from Lee's brief whether he is appealing the magistrate judge's denial of his motion for preliminary injunction, or whether he is merely appealing the fact that the magistrate judge did not schedule a hearing on Lee's motion before she denied the motion. In any event, Lee's argument is entirely lacking in merit.
 
 
 12
 An evidentiary hearing need not be granted as a matter of course. International Molders' & Allied Workers' Local Union No. 164 v. Nelson, 799 F.2d 547, 555 (9th Cir.1986). An evidentiary hearing was entirely unnecessary because the magistrate judge had sufficient facts before her to rule on the motion. Those facts showed that the rifle Lee wanted to retrieve had already been destroyed. Thus, even the august power of a federal court could not bring it back.
 
 
 13
 For the same reason the denial could not be an abuse of discretion. Los Angeles Memorial Coliseum v. National Football League, 634 F.2d 1197, 1201 (9th Cir.1980).
 
 
 14
 Finally, Lee was not cooperative during the discovery phase of the litigation. The magistrate judge granted the County defendants' motion to compel further response to certain interrogatories and awarded costs of $770.00, the reasonable expense of bringing the motion. We are often concerned about the grant of sanctions against parties appearing pro se. But Lee is an attorney; we have no such compunction as to him. The magistrate judge did not abuse her discretion in imposing sanctions for Lee's failure to comply with discovery orders.
 
 D. COSTS ON APPEAL
 
 15
 Federal Rule of Appellate Procedure 38 permits this court to award costs or double costs to a party forced to defend a frivolous appeal. "Awarding sanctions for frivolous appeals lies in the sound discretion of this court. An appeal is considered frivolous in this circuit when the result is obvious ... or the arguments in error are wholly without merit." Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 527 (9th Cir.1989). Again, when those appearing before us are pro se, we proceed with great care. Wood v. McEwen, 644 F.2d 797, 802 (9th Cir.1981), cert. denied, 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982). Lee makes no even arguably meritorious arguments regarding Coast Club, yet it was required to defend this appeal. Therefore, we find that an award of double costs to Coast Club is appropriate. However, double costs are not warranted for the County defendants, since Lee has been victorious as to them.
 
 CONCLUSION
 
 16
 We REVERSE and REMAND the district court's dismissal of Lee's action against the County defendants.
 
 
 17
 We AFFIRM the district court's dismissal of Lee's action against Coast Club.
 
 
 18
 We AWARD DOUBLE COSTS to Coast Club for defending a frivolous appeal, but we DENY the County defendants' request for double costs.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Another towing company, Y & L Towing and its employee, Brian Malone, were also added, but they are no longer a part of this action