**Elie P. BATISTE**

v.

**OK–1 MANUFACTURING CO., INC. et al.**

**Civil Action No. 97–13–B–M2.**

United States District Court, M.D. Louisiana.

June 6, 1997.

Russel O. Primeaux, Robert C. Tucker, R. Bennett Ford, Jr., Roy, Kiesel, Aaron &

Tucker, Baton Rouge, LA, for Elie P. Batiste.

Judith R.E. Atkinson, Thomas E. Balhoff, Roedel, Parsons, Hill & Koch, Baton Rouge, LA, for OK–1 Mfg., Inc.

Claude F. Reynaud, Jr., Breazeale, Sachse & Wilson, Baton Rouge, LA, for Royce Medical Co., Inc.

Len R. Brignac, Nesser, King & LeBlanc, New Orleans, LA, Jack E. Dominik, Miami Lakes, FL, for FLA Orthopedics, Inc.

## RULING ON FLA'S MOTION TO DISMISS FOR WANT OF PROPER VENUE; TO STAY AS TO FLA; TO SEVER AS TO FLA; OR TO TRANSFER TO THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

POLOZOLA, District Judge.

This matter is before the Court on the following motions filed in the alternative by the defendant, FLA Orthopedics, Inc. ("FLA"): (1) motion to dismiss for improper venue, (2) motion to transfer this case to the United States District Court for the Southern District of Florida, (3) motion to stay, and (4) motion to sever. For reasons which follow, all four motions are denied.

### FACTS AND PROCEDURAL HISTORY

On January 6, 1997, plaintiff filed this suit in the Middle District of Louisiana alleging patent infringement of United States patent No. 4,726,077 (the "077 Patent") by defendants in making, selling, offering for sale, and using back support belts embodying the 077 Patent ("the Louisiana suit"). Named as defendants herein are OK–1 Manufacturing Company of Oklahoma ("OK–1"), Royce Medical Company, Inc. of California ("Royce"), and FLA.

On January 22, 1997, FLA filed suit for a declaratory judgment in the United States District Court for the Southern District of Florida ("the Florida suit") seeking to have

that court declare its product, the Safe–T–Lift Back Supporter, does not infringe upon plaintiff's 077 patent. On March 3, 1997, FLA filed the four motions listed above. The Court will first discuss whether venue is proper in the Middle District of Louisiana.

### ANALYSIS

1. *Motion to Dismiss For Improper Venue*

■ Venue in patent cases is governed by 28 U.S.C. § 1400(b).[1] § 1400(b) provides as follows:

Any civil action for patent infringement may be brought in the judicial district where the defendant resides or where the defendant has committed acts of infringement and has a regular and established place of business.

Both sides concede that, for purposes of § 1400(b), a defendant is deemed to reside in any judicial district in which the defendant is subject to personal jurisdiction at the time the action is commenced.[2] Thus, if FLA is subject to personal jurisdiction in Louisiana, venue is proper in the Middle District of Louisiana under § 1400(b). Therefore, it is necessary to determine whether FLA is subject to personal jurisdiction in Louisiana.

The Supreme Court in *Asahi Metal Ind. Co. v. Superior Court of California*[3] set forth the following principles this Court must consider in determining whether FLA has a "substantial connection" with Louisiana for purposes of personal jurisdiction:

The "substantial connection" between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State. The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example,

1. *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957).

2. *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed.Cir.1990), cert. denied,

499 U.S. 922, 111 S.Ct. 1315, 113 L.Ed.2d 248 (1991).

3. 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987).

... advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as a sales agent in the forum State.[4]

It is obvious the facts of each case must be considered in determining whether a party is subject to the jurisdiction of a state. Thus, the Court will review the facts which have been submitted with the motion. In this case, E.G. Slautterback, president and chief-executive of FLA, describes FLA's contacts with Louisiana as "modest at best."[5] FLA has a sales representative in Houston, Texas who makes "infrequent" sales calls on customers in Louisiana and solicits orders from customers in Louisiana.[6] In addition, FLA sells its products in Louisiana through Louisiana retail establishments. In fact, plaintiff purchased FLA's product ("Safe–T–Lift" Back Supporter) which is alleged to infringe plaintiff's patent, at Lowe's Hardware Store in Baton Rouge, Louisiana on March 21, 1997.[7]

Considering the above contacts with the forum, the Court holds FLA has a "substantial connection" with, and has purposefully availed itself of the benefits of, the State of Louisiana. FLA's contacts in Louisiana are not accidental or involuntary. As such, the Court holds the State of Louisiana has personal jurisdiction over FLA, and therefore, venue is proper in the Middle District of Louisiana under § 1400(b). As such, FLA's motion to dismiss for improper venue is denied.

## 2. Motion to Change Venue

FLA argues, in the alternative, that, if the Court denies the motion to dismiss for improper venue, the Court should transfer venue of this case to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).[8] In his opposition to FLA's motion, plaintiff contends the Southern District of Florida is not a district where this suit "might have been brought" because the State of Florida does not have personal jurisdiction over plaintiff.

In the briefs filed by the parties, both parties have analyzed whether the State of Florida has personal jurisdiction in this case as if subject matter jurisdiction is based on diversity. However, because this is a federal question case, "the Constitution requires only that the defendant have 'minimum contacts' with the United States, rather than with the particular forum state."[9] However, in order for the Southern District of Florida to effect service under Rule 4(e)(1),[10] the State of Florida must have jurisdiction over plaintiff. Therefore, the State of Florida long-arm statute (Fla. Stat. ch. 48.193) must be utilized to obtain jurisdiction.[11] FLA contends the State of Florida has personal jurisdiction over plaintiff pursuant to Fla. Stat. ch. 48.193(1)(a), (b), (d), and (g), and therefore, FLA contends the State of Florida has the

---

4. *Asahi*, 480 U.S. at 112, 107 S.Ct. at 1032.

5. Plaintiff's Opposition Memorandum, Exhibit C, No. 4 (Affidavit of Slautterback).

6. Plaintiff's Opposition Memorandum, Exhibit C, No. 4 (Affidavit of Slautterback).

7. Plaintiff's Opposition Memorandum, Exhibit D (Copy of Sales Receipt from Lowe's Hardware).

8. 28 U.S.C. § 1404(a) provides "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

9. *United Elec., Radio and Machine Workers of America v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1085 (1st Cir.1992).

10. Rule 4(e)(1) provides that "[u]nless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed ... may be effected in any judicial district of the United States ... pursuant to the law of the state in which the district court is located, or in which service is effected...."

11. The First Circuit summarized this principle in *United Elec.*, 960 F.2d at 1086 (citations omitted) as follows:

> When insufficient statutory authorization for extraterritorial service exists, Rule 4(e) allows such service 'only to the extent permitted by the law of the state in which the district court sits....' And, because state law is subject to Fourteenth Amendment limitations, the minimum contacts doctrine, while imposing no direct state-by-state constraint on federal court in a federal question case, acts indirectly as a governing mechanism for the exercise of personal jurisdiction.

power to serve plaintiff with process. The Court now turns to a discussion of the applicability of the cited provisions of the State of Florida long-arm statute.

a. *Fla. Stat. ch. 48.193(1)(a)—"Doing Business"*

■ Fla. Stat. ch. 48.193(1)(a) provides a person shall be subject to the jurisdiction of the courts of the State of Florida by "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." FLA claims plaintiff is subject to personal jurisdiction in the State of Florida because plaintiff's alleged attempt to develop a license with FLA to use plaintiff's patent was an attempt to establish a "business venture" to be conducted in the State of Florida. To support this contention, FLA relies on a letter written by plaintiff to FLA dated January 6, 1997.[12] This letter informed FLA that the Louisiana suit was filed in the Middle District of Louisiana, and that plaintiff "desire[s] to bring this matter to a mutually acceptable conclusion" without having to litigate the matter any further.[13] Plaintiff contends FLA never responded to the letter.[14] The Court finds plaintiff's stated desire to settle this matter without the accompanying expenses of a lawsuit does not satisfy the requirements set forth in Fla. Stat. ch. 48.193(1)(a) that plaintiff operate, conduct, engage in, or carry on a business or business venture in the State of Florida. FLA cites no case which holds otherwise. Thus, the Court finds Fla. Stat. ch. 48.193(1)(a) is not applicable in this case.

b. *Fla. Stat. ch. 48.193(1)(b)—"Tortious Acts"*

■ Fla. Stat. ch. 48.193(1)(b) provides a person shall be subject to the jurisdiction of the courts of the State of Florida by "[c]ommitting a tortious act within this state." FLA alleges it was slandered by the language used in the January 6, 1997 letter which asserts that FLA infringed on plain-

tiff's patent. This claim is without merit because the record reflects the letter was not published to anyone other than plaintiff and FLA. Therefore, the Court holds Fla. Stat. ch. 48.193(1)(b) is not applicable.

c. *Fla. Stat. 48.193(1)(d)—"Insure"*

■ Fla. Stat. ch. 48.193(1)(d) provides a person shall be subject to the jurisdiction of the courts of the State of Florida by "[c]ontracting to insure any person, property, or risk location within this state at the time of contracting." FLA claims this section applies because a non-exclusive patent license *insures* that any person or property at risk located within the State of Florida is free from patent infringement. FLA cites no support for this argument; therefore, the Court finds this argument unconvincing.

d. *Fla. Stat. ch. 48.193(1)(g)—"Breach of Contract"*

■ Fla. Stat. ch. 48.193(1)(g) provides a person shall be subject to the jurisdiction of the courts of the State of Florida by "breaching a contract in this state by failing to perform acts required by the contract to be performed in this state." FLA does not specifically allege what contract was breached. However, FLA argues that it is accused of breaching a contract by failing to take a non-exclusive license from plaintiff relating to acts performed in the State of Florida, namely, the manufacturing of the Safe–T–Lift Back Support belt. The Court finds there is no evidence in the record regarding a contract between plaintiff and FLA. If FLA is again referring to the January 6, 1997 letter written by plaintiff, the Court finds that this letter does not have the effect of a contract between the parties. Thus, the Court holds Fla. Stat. ch. 48.193(1)(g) is not applicable.

e. *Conclusion*

It appears the only contact plaintiff has with the State of Florida (that appears in the

---

**12.** Plaintiff's Opposition Memorandum, Exhibit A (letter from plaintiff's counsel to FLA).

**13.** Plaintiff's Opposition Memorandum, Exhibit A (letter from plaintiff's counsel to FLA).

**14.** Plaintiff's Opposition Memorandum, p. 12.

record) is the January 6, 1997 letter mentioned above. The evidence presented to the Court clearly shows that the plaintiff does not live in Florida, has never worked or conducted business in Florida, has never been to Florida, and has no family residing in Florida.[15]

In conclusion, the Court holds neither Fla. Stat. ch. 48.193(1)(a), (b), (d), or (g) applies in this case. Therefore, the Court finds the State of Florida lacks personal jurisdiction over plaintiff. Because the State of Florida lacks personal jurisdiction, FLA may not effect service on plaintiff under Rule 4(e)(1). Since it is also clear the Southern District of Florida is not a "district or division where [this case] might have been brought" under § 1404(a), the Court denies FLA's motion to transfer venue pursuant to § 1404(a).

### 3. *Motion to Sever*

FLA also argues this case should be severed from the claims asserted against the other defendants. The present case involves three different companies (including FLA) who have manufactured and marketed three different products which allegedly violate plaintiff's patent. FLA contends the Florida suit (which involves only plaintiff and FLA) can decide the issue of whether plaintiff's patent is invalid against the world more efficiently. FLA further asserts a declaration that the patent is invalid in the Florida suit would moot the issues in the Louisiana suit. The Court finds FLA's arguments unconvincing. Thus, FLA's motion to sever is denied. The Court will discuss the manner in which this case may be tried at the final pretrial conference. Appropriate rulings will be made at that time regarding the manner in which this case will be tried in Louisiana.

### 4. *Motion to Stay*

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants."[16] The Fifth Circuit in *Nelson* also noted the following:

> Where two actions involving the same parties and the same issues are pending before two federal courts it has been held that the court in which the second proceeding is initiated will normally, in the absence of countervailing factors, stay the proceedings pending the outcome of the prior similar suit between the same parties in the other federal court.[17]

For the same reasons set forth above with regard to FLA's motion to sever, FLA argues this Court should stay these proceedings until after a judgment is obtained in the Florida suit.

The Louisiana suit was filed two weeks before the Florida suit. The Court finds there are no countervailing factors which mitigate in favor of staying the proceedings before this Court. Therefore, the motion to stay is denied.

### 5. *Conclusion*

For reasons set forth above, the Court finds venue is proper in the Middle District of Louisiana pursuant to 28 U.S.C. § 1400(b). Therefore, FLA's motion to dismiss for improper venue is denied. The Court also finds the Southern District of Florida is not a district where this suit might have been brought because the State of Florida lacks personal jurisdiction over plaintiff and may not effect service on plaintiff. Therefore, FLA's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is denied. The Court also denies FLA's motion to sever and motion to stay.

Therefore;

IT IS ORDERED that FLA's motion to dismiss for improper venue, motion to transfer venue, motion to sever, and motion to stay be and are each hereby DENIED.

---

**15.** Plaintiff's Opposition Memorandum, Exhibit B (Affidavit of Plaintiff).

**16.** *Nelson v. Grooms,* 307 F.2d 76, 78 (5th Cir. 1962).

**17.** *Nelson,* 307 F.2d at 78.