BRIGGS & STRATTON CORP.,
a Wisconsin Corporation,
Plaintiff,

v.

CONCRETE SALES & SERVICES,
INC., a Georgia Corporation,
et al., Defendants.

No. 5:95-cv-525-1 (WDO).

United States District Court,
M.D. Georgia, Macon Division.

April 15, 1996.

Joan B. Cravey, Daniel S. Reinhardt, Atlanta, GA, for Briggs & Stratton Corporation.

J. Douglas Cowart, Macon, GA, for Concrete Sales and Services, Inc.

Linwood Robert Lovett, Craig N. Cowart, Macon, GA, for Frances M. Coody, Timothy A. McCord.

Robert C. Norman, Jr., Macon, GA, for Turner Ashby McCord, Jr.

Alvin E. DeGraw, Jr., Fort Valley, GA, pro se.

Charles R. Adams, III, Ft. Valley, GA, Travis M. Trimble, Susan S. Cole, Macon, GA, for Peach County, GA.

Edward H. Lindsey, Jr., Kathryn A. Cater, Atlanta, GA, for South Carolina Insurance Company.

Before the court are joint motions to intervene and stay filed by South Carolina Insurance Company ("South Carolina"). South Carolina seeks to intervene in the present action as a matter of right pursuant to Fed. R.Civ.P. 24(a) or, alternatively, pursuant to Fed.R.Civ.P. 24(b). South Carolina also seeks a stay of the present action until a determination can be made whether it has a duty to defend defendants Frances M. Coody and Timothy A. McCord, trustees for the irrevocable trust of T.A. McCord, Jr. ("the McCord Trust"), under the terms of its policies of insurance. Plaintiff Briggs & Stratton Corporation and the McCord Trust oppose South Carolina's motions.

Briggs & Stratton filed the present action in December of 1995 pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), the Georgia Hazardous Site Response Act, and the Resource Conservation and Recovery Act. Briggs & Stratton seeks, among other claims, to recover the costs it expended for environmental clean-up required by an administrative order of the Environmental Protection Agency ("EPA"), which it claims to be in excess of $5,170,000. The property on which the clean-up was required is located in Peach County, Georgia, and had belonged to the McCord Trust from approximately 1984 to 1987.

On December 31, 1990, and again on March 6, 1991, the McCord Trust gave notice to South Carolina of a pollution occurrence on the subject property and of claims brought against it as a former owner by the EPA and the Georgia Environmental Protection Division. In January of 1992 South Carolina filed a declaratory judgment action now pending in the Middle District of Georgia, captioned *South Carolina Insurance Company v. Frances M. Coody, et al.,* Civil Action No. 92–54–4–MAC(WDO). The declaratory judgment action sought a determination as the extent of coverage under Policies No. CPP 75020670105 (issued in 1988) and GLA 9957094 (issued in 1984) for environmental damage on the subject property previously owned by its policyholder.

On February 11, 1993, the court issued an order in the declaratory judgment action granting partial summary judgment to South Carolina. The court found that South Carolina owed no obligation to defendants under the 1988 policy but that there were several disputed questions of fact remaining on the question of coverage under the 1984 policy. On October 5, 1993, the court issued a second order granting partial summary judgment to South Carolina on the issue whether its liability was limited to property damage occurring during the applicable policy periods. The court found, however, that questions of fact still remained on the issue whether South Carolina is obligated to provide coverage for damage caused by barrels located on the property.

After receiving a demand by the McCord Trust to defend and indemnify it against the present lawsuit, South Carolina issued a Reservation of Rights letter on or about January 17, 1995, in which it agreed to provide counsel to defend this matter pending the resolution of its declaratory judgment action.

## MOTION TO INTERVENE

A party seeking to intervene as of right under Fed.R.Civ.P. 24(a)(2) must meet four requirements: (1) The application to intervene must be timely; (2) The applicant must have an interest in the property or transaction which is the subject of the action; (3) The applicant must be so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest must be represented inadequately by the existing parties to the lawsuit. *Athens Lumber Company v. Federal Election Commission,* 690 F.2d 1364, 1367 (11th Cir.1982); Fed. R.Civ.P. 24(a)(2). The movant must be permitted to intervene if these four requirements are met. *Chiles v. Thornburgh,* 865 F.2d 1197, 1213 (11th Cir.1989).

South Carolina filed its declaratory judgment action in January of 1992 and the present action was filed in December of 1995. South Carolina's motion to intervene was

filed February 9, 1996, before the answer of the McCord Trust was due. Thus, the court finds that the timeliness requirement of Rule 24(a)(2) is easily met in the motion under consideration.

■ Because South Carolina's insurance policies were issued in the State of Georgia, Georgia law is applicable in determining the nature of its interest in this proceeding. *American Family Life Assurance Co. v. U.S. Fire Co.*, 885 F.2d 826, 830 (11th Cir.1989). The cases cited by South Carolina demonstrate that Georgia has recognized that insurance companies asserting grounds for non-coverage in a pending lawsuit have a legally protectible interest in the proceeding. In *Richmond v. Georgia Farm Bureau Mutual Insurance Company*, 140 Ga.App. 215, 231 S.E.2d 245 (1976), the Georgia Court of Appeals mandated the following procedure which South Carolina followed in this case:

> Upon learning of facts reasonably putting it on notice that there may be grounds for noncoverage and where the insured refuses to consent to a defense under a reservation of rights, the insurer *must* thereupon (a) give the insured proper unilateral notice of its reservation of rights, (b) take necessary steps to prevent the main case from going into default or to prevent the insured from being otherwise prejudiced, and (c) seek immediate declaratory relief including a stay of the main case pending final resolution of the declaratory judgment action.

*Richmond*, 231 S.E.2d at 248. South Carolina has an obligation, which carries a corresponding financial burden, to defend its insured until a final determination is made whether it is liable to the McCord Trust under its policy of insurance. Thus, South Carolina has a "direct, substantial, legally protectible interest in [this] proceeding," up until the time it may be determined that it has no duty to the McCord Trust. *Athens Lumber*, 690 F.2d at 1366. The court rejects the contrary reasoning in *Travelers Indemnity Co. v. Dingwell*, 884 F.2d 629 (1st Cir. 1989), and finds that South Carolina has satisfied the second requirement of Rule 24(a)(2).

■ The court also finds that the fourth prong of Rule 24(a)(2) is easily met and that the existing parties to this lawsuit will not adequately represent South Carolina's interests. The showing of inadequate representation "is satisfied if the [intervenor] shows that representation of his interest 'may be' inadequate," and "the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972); *Thornburgh*, 865 F.2d at 1214. The interests of South Carolina and the McCord Trust are adversarial concerning the question whether the policies covered the McCord Trust's liability for environmental damage to the property. Moreover, none of the remaining parties have an interest in obtaining a ruling that the McCord Trust was uninsured at the time the environmental damage to the property occurred.

The third and remaining prong of Rule 24(a)(2) requires that the applicant be so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect his interest in the proceeding. South Carolina has an interest in avoiding the expenditure of legal fees in the present action while issues remain in the declaratory judgment action as to policy coverage. South Carolina argues that the third prong of Rule 24(a)(2) is satisfied given that the purpose of its proposed intervention is to obtain a stay of these proceedings pending resolution of the declaratory judgment action. The court finds that South Carolina's ability to protect its financial interest in this matter may be impaired by disposition of the action and that the degree of impairment is sufficient to warrant intervention of right in this action. Therefore, South Carolina's motion to intervene will be granted.

### MOTION TO STAY

■ Notwithstanding South Carolina's right to intervene in this matter, the court does not find that a stay of this action is warranted. South Carolina's interests involve the narrow question whether it is obligated to provide coverage to the McCord Trust under the terms of its insurance policy.

It is in South Carolina's favor that it initiated the declaratory judgment action to determine the extent of its liability as early as 1992. Nevertheless, in considering a motion to stay the interests of all the parties must be considered along with the court's own interest in the orderly disposition of its caseload. *Home Insurance Co. v. Coastal Lumber Co.*, 575 F.Supp. 1081, 1083 (N.D.Ga.1983).

█ Briggs & Stratton seeks in this lawsuit to recover sums in excess of $5,170,000 which it states it has expended in order to comply with the EPA's administrative order. It would be inequitable and prejudicial to plaintiff's interests if the court were to stay this action for recovery of these sums until South Carolina obtains a final ruling concerning policy coverage applicable to only one party to this action. South Carolina maintains that a stay of this action would not be burdensome since a decision in the declaratory judgment action should be forthcoming within the year. By the same reasoning, it would not be unduly burdensome to South Carolina to have the present matter proceed toward a determination of the rights of all the parties pending a forthcoming decision on the declaratory judgment action.

Therefore, for the reasons expressed herein, the motion of South Carolina Insurance Company to intervene in this action as a matter of right pursuant to Fed.R.Civ.P. 24(a) will be **GRANTED.** The intervenor's motion to stay this action pending resolution of the declaratory judgment action will be **DENIED.**

**SO ORDERED.**