**IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA**

September 2022 Term

_____

No. 21-0243

_____

FILED

**November 17, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PRAETORIAN INSURANCE COMPANY,**
**Putative Intervenor Below, Petitioner,**

**V.**

**VIRGINIA CHAU,**
**ADMINISTRATRIX OF THE ESTATE OF**
**ANH KIM HO,**
**Plaintiff Below, Respondent,**

**AND**

**AIR CARGO CARRIERS, LLC**
**Defendant Below, Respondent.**

_____

Appeal from the Circuit Court of Kanawha County
The Honorable Louis H. Bloom, Judge
Civil Action No. 19-C-450

**AFFIRMED**
_____

**AND**

_____

No. 21-0682

_____

**PRAETORIAN INSURANCE COMPANY,**
**Plaintiff Below, Petitioner,**

**V.**

**AIR CARGO CARRIERS, LLC,
AND VIRGINIA CHAU,
ADMINISTRATRIX OF THE ESTATE OF
ANH KIM HO,
Defendants Below, Respondents.**

_____

**Appeal from the Circuit Court of Kanawha County
The Honorable Kenneth D. Ballard, Judge
Civil Action No. 20-C-800**

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**
_____

**Submitted: October 5, 2022
Filed: November 17, 2022**

**Don C.A. Parker, Esq.**
**Spilman Thomas & Battle, PLLC**
**Charleston, West Virginia**
**Attorney for the Petitioner**

**Jeffrey M. Wakefield, Esq.**
**Morgan E. Villers, Esq.**
**Flaherty Sensabaugh Bonasso PLLC**
**Charleston, West Virginia**
**Attorneys for Amicus Curiae,**
**West Virginia Insurance Federation**

**Steven K. Wellman**
**Sarah A. Walling**
**Jenkins Fenstermaker, PLLC**
**Huntington, West Virginia**
**Attorneys for Amicus Curiae,**
**West Virginia Chamber of Commerce**

**William M. Tiano, Esq.**
**Cheryl A. Fisher, Esq.**
**Tiano O'Dell PLLC**
**Charleston, West Virginia**
**Attorney for the Respondent,**
**Virginia Chau, Administratrix of the**
**Estate of Anh Kim Ho**

**Spencer D. Elliott, Esq.**
**James C. Stebbins, Esq.**
**Ramonda C. Marling, Esq.**
**Lewis Glasser PLLC**
**Charleston, West Virginia**
**Attorneys for the Respondent,**
**Air Cargo Carriers, LLC**

**JUSTICE BUNN delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**


1.      "'West Virginia Rule of Civil Procedure 24(a)(2) allows intervention of right in an action if an applicant meets four conditions: (1) the application must be timely; (2) the applicant must claim an interest relating to the property or transaction [that] is the subject of the action; (3) disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant must show that the interest will not be adequately represented by existing parties.' Syl. Pt. 2, *State ex rel. Ball v. Cummings*, 208 W. Va. 393, 540 S.E.2d 917 (1999)." Syllabus point 4, *SWN Production Co., LLC v. Conley*, 243 W. Va. 696, 850 S.E.2d 695 (2020).


2.      "'To justify intervention of right under West Virginia Rule of Civil Procedure 24(a)(2), the interest claimed by the proposed intervenor must be direct and substantial. A direct interest is one of such immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment to be rendered between the original parties. A substantial interest is one that is capable of definition, protectable under some law, and specific to the intervenor. In determining the adequacy of the interest in a motion to intervene of right, courts should also give due regard to the efficient conduct of the litigation.' Syl. Pt. 4, *State ex rel. Ball v. Cummings*, 208 W. Va.

393, 540 S.E.2d 917 (1999)." Syllabus point 5, *SWN Production Co. v. Conley*, 243 W. Va. 696, 850 S.E.2d 695 (2020).

3.       "To establish *jus tertii* standing to vindicate the . . . rights of a third party, a litigant must (1) have suffered an injury in fact; (2) have a close relation to the third party; and (3) demonstrate some hindrance to the third party's ability to protect his or her own interests." Syllabus point 5, in part, *Kanawha County Public Library Board v. Board of Education of County of Kanawha*, 231 W. Va. 386, 745 S.E.2d 424 (2013).

4.       "This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syllabus point 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965).

**Bunn, Justice:**

In these consolidated appeals, Praetorian Insurance Company ("Praetorian") seeks review of three orders issued by two separate judges presiding over two separate but related cases in the Circuit Court of Kanawha County.[1] First, Praetorian appeals an order denying its motion to intervene in a wrongful death action filed against its insured, Air Cargo Carriers, LLC ("Air Cargo"). Praetorian sought to intervene as a matter of right under Rule 24(a)(2) of the West Virginia Rules of Civil Procedure solely to assert Air Cargo's entitlement to workers' compensation immunity as to a negligence claim brought by the plaintiff below, Virginia Chau, as administratrix of the estate of Anh Kim Ho. Second, Praetorian appeals from two orders entered in its companion declaratory judgment action. One order denied Praetorian's motion for summary judgment as to its sought-after declaration in Count I of its complaint that Air Cargo had no coverage for a deliberate intent claim asserted by Ms. Chau due to a policy exclusion for conduct engaged in by deliberate intention as defined by West Virginia Code § 23-4-2(d)(2). The other order granted motions filed by Ms. Chau and Air Cargo seeking dismissal of Count II of Praetorian's declaratory judgment complaint, which sought the same relief Praetorian pursued in its motion to intervene in Ms. Chau's wrongful death action, i.e., a declaration

---

[1] We acknowledge and appreciate amicus curiae briefs submitted by the West Virginia Chamber of Commerce and the West Virginia Insurance Federation in support of Praetorian's position in its appeal of the circuit court's denial of its motion for summary judgment, Docket No. 21-0682. We considered the arguments presented by these Amici Curiae in resolving this issue.

of Air Cargo's entitlement to workers' compensation immunity as to the negligence claim asserted by Ms. Chau in the companion wrongful death action. For the reasons stated below, we affirm the circuit court's order denying Praetorian's motion to intervene in Ms. Chau's wrongful death action for lack of standing to assert Air Cargo's right to workers' compensation immunity. In addition, we reverse the circuit court's order denying Praetorian's motion for summary judgment as to Count I of its declaratory judgment complaint because we find the deliberate intent policy exclusion applies, and Air Cargo has no coverage. Therefore, we remand on this issue for entry of an order granting summary judgment to Praetorian. Finally, we affirm the circuit court's order dismissing Count II of Praetorian's declaratory judgement complaint, again concluding that Praetorian lacks standing to assert Air Cargo's entitlement to workers' compensation immunity.

# I.

## FACTUAL AND PROCEDURAL HISTORY

The litigation underlying these consolidated appeals arose from an aircraft crash on May 5, 2017, that resulted in the death of Anh Kim Ho. Ms. Ho, an employee of respondent Air Cargo, served as first officer on the flight. In May 2019, respondent Ms. Chau, as administratrix of Ms. Ho's estate, filed a wrongful death action in the Circuit

Court of Kanawha County,[2] naming Air Cargo as one of the defendants.[3] Ms. Chau asserted a deliberate intent claim against Air Cargo under West Virginia Code § 23-4-2(d)(2)(B), and, in the alternative, a negligence claim.[4]

Air Cargo is insured under a "Workers Compensation and Employers Liability Insurance Policy" issued by Praetorian. Praetorian agreed to defend Air Cargo in the wrongful death action under a reservation of rights and assigned the defense to Edgar Poe of the law firm Pullin, Fowler, Flanagan, Brown & Poe.[5]

In September 2020, Praetorian filed a declaratory judgment action in the Circuit Court of Kanawha County purportedly seeking to determine its rights and obligations under the policy issued to Air Cargo.[6] Specifically, Count I of Praetorian's

---

[2] Judge Louis H. Bloom presides over the wrongful death action. Ms. Chau later filed an amended complaint, but the claims against Air Cargo remained the same.

[3] Other defendants named in the complaint are not parties to these consolidated appeals and are not relevant to the issues before this Court.

[4] Ms. Chau's complaint states that "[i]f it is determined that [Air Cargo] was not [Ms. Ho's] formal employer or was not in good standing and is thus stripped of any immunities, then Plaintiff asserts an alternative [negligence] claim . . . ."

[5] Air Cargo retained separate counsel to represent it as to coverage issues, including this appeal.

[6] Judge Tod E. Kaufman initially presided over the declaratory judgment action; however, Judge Kaufman retired in March 2021 and the case was reassigned to Judge Kenneth D. Ballard.

complaint sought a declaration that the policy excludes coverage for the deliberate intent claim asserted in the wrongful death action. However, Count II of Praetorian's complaint sought a declaration that Air Cargo is entitled to the workers' compensation immunity protections of West Virginia Code § 23-2-6 and, therefore, could not be held liable for negligence in connection with Ms. Ho's death. In November 2020, Ms. Chau and Air Cargo each filed a motion to dismiss Count II of Praetorian's declaratory judgment complaint. Both claimed the circuit court had no subject-matter jurisdiction over Count II, as it sought resolution on the merits of the negligence claim asserted in Ms. Chau's separate wrongful death action, and both claimed that Praetorian lacked standing to litigate the merits of Ms. Chau's negligence claim.

Also in November 2020, Praetorian filed a motion to transfer the declaratory judgment action to Judge Bloom, who is presiding over the wrongful death action. All parties to both the wrongful death and declaratory judgment actions consented to the motion. In December 2020, while the motion to transfer was pending, Praetorian filed, in the wrongful death action, a motion to consolidate the declaratory judgment and wrongful death actions. Praetorian sought consolidation so that Judge Bloom could address a legal issue common to both actions: "whether Air Cargo is entitled to the workers' compensation immunity granted by [West Virginia] Code § 23-2-6." Ms. Chau opposed the motion to consolidate and argued that Praetorian sought to "participate directly in litigating the merits of the Estate's negligence claim[.]" By order entered on January 13, 2021, Judge Bloom

4

denied both the agreed motion to transfer and the motion to consolidate. No relief from this order was sought by Praetorian, and no issues related to these rulings are raised in these consolidated appeals.

Meanwhile, although Ms. Chau's and Air Cargo's motions to dismiss Count II of the declaratory judgment action remained pending, on December 30, 2020, Praetorian filed a motion for summary judgment in the declaratory judgment action. On February 10, 2021, Praetorian filed a motion in the wrongful death action to intervene as of right under Rule 24(a)(2) of the West Virginia Rules of Civil Procedure. By order entered on February 25, 2021, Judge Bloom denied Praetorian's motion to intervene.[7] Praetorian appealed that order, which was given docket number 21-0243. Thereafter, by two separate orders entered on July 28, 2021, Judge Ballard dismissed Count II of Praetorian's declaratory judgment complaint and denied Praetorian's motion for summary judgment. Praetorian appealed these two orders, which were assigned docket number 21-0682. We then consolidated the two appeals for purposes of our review. First, we address the circuit court's denial of Praetorian's motion to intervene in the wrongful death action. Second, we address the issues raised on appeal from the declaratory judgment action. More detailed facts are provided below as necessary.

---

[7] Ms. Chau's response to Praetorian's motion to intervene was filed the day after the circuit court issued its order denying Praetorian's motion.

## II.

## DOCKET NO. 21-0243 – MOTION TO INTERVENE

The circuit court denied Praetorian's motion to intervene in the wrongful death action as a matter of right on two grounds: (1) that Praetorian was not entitled to intervention of right because it could protect its interests through its declaratory judgment action; and (2) that the motion was untimely. However, as explained below, we affirm the circuit court's decision on a different ground, that Praetorian lacked standing.

### *A. Standard of Review*

On appeal, Praetorian challenges the circuit court's timeliness decision and its finding that Praetorian may adequately protect its rights in the companion declaratory judgment action. In addition, Praetorian claims it has a right to intervene based on its direct and substantial interest in the issue of Air Cargo's workers' compensation immunity. Air Cargo and Ms. Chau argue that Praetorian lacks standing to intervene on this ground. We agree and, therefore, decline to address whether the motion was timely or whether Praetorian may adequately protect its rights in the declaratory judgment action.

Without reaching the issue of timeliness, our review of the circuit court's ruling on Praetorian's motion to intervene under Rule 24(a)(2) is de novo. "The standard of review of circuit court rulings on the elements governing a timely motion to intervene as a matter of right under Rule 24(a) of the West Virginia Rules of Civil Procedure is de

6

novo." Syl. pt. 3, *SWN Prod. Co., LLC v. Conley*, 243 W. Va. 696, 850 S.E.2d 695 (2020).

Accordingly, we consider anew Praetorian's motion to intervene as of right under the circumstances presented in this case.

### *B. Discussion*

Rule 24(a)(2) of the West Virginia Rules of Civil Procedure addresses the requirements for intervening as a matter of right:

> (a) *Intervention of Right*. – Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Under Rule 24(a)(2), an applicant for intervention as of right must meet four prerequisites:

> "West Virginia Rule of Civil Procedure 24(a)(2) allows intervention of right in an action if an applicant meets four conditions: (1) the application must be timely; (2) the applicant must claim an interest relating to the property or transaction [that] is the subject of the action; (3) disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant must show that the interest will not be adequately represented by existing parties." Syl. Pt. 2, *State ex rel. Ball v. Cummings*, 208 W. Va. 393, 540 S.E.2d 917 (1999).

Syl. pt. 4, *SWN Prod. Co.*, 243 W. Va. 696, 850 S.E.2d 695. A "failure to satisfy any one of the requirements is fatal to the application" to intervene. Louis J. Palmer, Jr. & Robin Jean Davis, *Litigation Handbook on West Virginia Rules of Civil Procedure*, § 24(a)[2], at

703 (5th ed. 2017). With respect to the requirement that the applicant "claim an interest relating to the property or transaction [that] is the subject of the action," *id.*, we have explained that

> "[t]o justify intervention of right under West Virginia Rule of Civil Procedure 24(a)(2), the interest claimed by the proposed intervenor must be direct and substantial. A direct interest is one of such immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment to be rendered between the original parties. A substantial interest is one that is capable of definition, protectable under some law, *and specific to the intervenor*. In determining the adequacy of the interest in a motion to intervene of right, courts should also give due regard to the efficient conduct of the litigation." Syl. Pt. 4, *State ex rel. Ball v. Cummings*, 208 W. Va. 393, 540 S.E.2d 917 (1999).

Syl. pt. 5, *SWN Prod. Co.*, 243 W. Va. 696, 850 S.E.2d 695 (emphasis added). Focusing on its purported direct and substantial interest in the wrongful death action, Praetorian argues that, under the policy issued to Air Cargo, it has "the right and duty to defend . . . any claim, proceeding or suit against [Air Cargo] for damages payable by this insurance[.]" Praetorian seeks to intervene to "exercise its explicit contractual right under the Policy to defend Air Cargo against a single aspect of Ms. Chau's lawsuit – specifically, Ms. Chau's claim that Air Cargo does not enjoy workers' compensation immunity in connection with Ms. Ho's death[.]" Thus, although Praetorian is providing Air Cargo's defense, under a reservation of rights, and assigned the case to its lawyer of choice, Praetorian still seeks to intervene in the wrongful death action to assert Air Cargo's purported right to immunity. Praetorian reasons that its money, not Air Cargo's money, is

8

potentially at risk if Ms. Chau's negligence claim proceeds "despite Air Cargo's obvious

workers' compensation immunity."

Praetorian correctly notes that, while this Court apparently has not spoken

directly on the issue, it is widely recognized that an insurer may intervene in an action

against its insured under Rule 24(a)(2) of the Federal Rules of Civil Procedure.[8] However,

the authority cited by Pretorian concerns intervention by insurance companies to determine

whether they have a duty to defend in the civil action, not to assert the defenses and

immunities held by the insured.[9] Here, rather than asserting an interest "specific to the

---

[8] We have observed that an insurer "had at its disposal . . . the opportunity to earlier intervene in the proceedings underlying this appeal." *DeVane v. Kennedy*, 205 W. Va. 519, 536, 519 S.E.2d 622, 639 (1999) (citing, in part, Rule 24(a) of the West Virginia Rules of Civil Procedure). We also have acknowledged that the intervention procedure of Rule 24(a)(2)

> enables an indemnitor to have a determination as to whether[,] under the express indemnity language[,] a defense [of the indemnitee who has been sued] is required . . . . We deem this type of intervention to be one of right where an intervenor has been put on notice by the indemnitee that it should assume the defense . . . as occurred here.

*VanKirk v. Green Constr. Co.*, 195 W. Va. 714, 724, 466 S.E.2d 782, 792 (1995).

[9] *See, e.g., Perez v. Potts*, No. 2:16-CV-612, 2016 WL 11664974 (S.D. Ohio Dec. 15, 2016) (concluding that insurer's interest in litigating the nature of the defendants' conduct was a sufficient interest to intervene where insureds had no coverage for knowingly breaching fiduciary duties); *Appalachian Power Co. v. Kyle*, No. CIV.A. 3:14-12051, 2015 WL 418145 (S.D.W. Va. Jan. 30, 2015) (allowing insurer to intervene to resolve coverage issue based on policy exclusion); *Doe v. Cnty. of Milwaukee*, No. 14-C-200, 2014 WL 3728078 (E.D. Wis. July 29, 2014) (finding intervention proper to contest

intervenor,"[10] Praetorian seeks to intervene to assert Air Cargo's workers' compensation immunity. None of the cases cited by Praetorian allowed an insurer to intervene to assert a right belonging to its insured.

In fact, it has been recognized that "[a]n applicant seeking to intervene as of right under Rule 24(a) must possess standing to participate in the lawsuit." Palmer & Davis, *Litigation Handbook*, § 24(a)[2], at 703. "The standing analysis for intervention as of right generally is treated as equivalent to determining whether the intervenor has a 'legally

---

insurance coverage under three policy exclusions); *Pulse v. Layne*, No. 3:12-CV-70, 2013 WL 142875 (N.D.W. Va. Jan. 11, 2013) (permitting insurer to intervene as a matter of right to seek declaratory judgment that it had no duty to defend based on exclusions contained in policy); *Zellner v. Herrick*, No. 08-C-0315, 2009 WL 188045 (E.D. Wis. Jan. 22, 2009), *aff'd*, 639 F.3d 371 (7th Cir. 2011) (granting insurer's motion to intervene to seek a declaratory judgment that its insured was not entitled to coverage or a defense for the claims asserted in lawsuit); *Appleton Papers, Inc. v. George A. Whiting Paper Co.*, No. 08-C-16, 2009 WL 62988, at *1 (E.D. Wis. Jan. 8, 2009) (allowing insurer to intervene to challenge the existence of a policy issued to a defendant in the action, and commenting that insurers claim is not typical in that it "is not based on a coverage dispute over the terms of the policy-it is founded in its belief that it did not issue NMSC any policy at all."); *Hagen v. Van's Lumber & Custom Builders Inc.*, No. 06-C-122, 2006 WL 3404772 (E.D. Wis. Nov. 22, 2006) (permitting insurer to intervene to obtain declaratory relief regarding duty to defend and coverage under policy for damages claimed by plaintiffs); *United States v. Thorson*, 219 F.R.D. 623 (W.D. Wis. 2003) (allowing insurer to intervene to seek an order bifurcating insurance coverage from liability, and to stay a decision on liability until coverage determined; insurer claimed it had no obligation under terms of policy to defend insured against claims alleged by plaintiff); *Briggs & Stratton Corp. v. Concrete Sales & Servs., Inc.*, 166 F.R.D. 43 (M.D. Ga. 1996) (granting insurer's motion to intervene as a matter of right to obtain stay of proceedings pending resolution of insurer's declaratory judgment action).

[10] Syl. pt. 5, in part, *SWN Prod. Co., LLC v. Conley*, 243 W. Va. 696, 850 S.E.2d 695 (2020).

protected' interest under Rule 24(a). Thus, when a putative intervenor has a legally protected interest under Rule 24(a), it will also meet constitutional standing requirements, and vice versa." *Id*.

In its motion seeking to intervene, Praetorian stated that it sought to intervene "for the sole, limited purpose of seeking a ruling on the immunity issue," that is, whether its insured, Air Cargo, is entitled to workers' compensation immunity pursuant to West Virginia Code § 23-2-6. Praetorian further declared that it was "ready, willing, and able to file a summary judgment motion on the immunity issue immediately," should the circuit court grant its motion to intervene. Praetorian went so far as to attach to its motion to intervene a copy of its proposed summary judgment motion asserting that Air Cargo is immune from Ms. Chau's negligence claim.

However, the potential immunity that Praetorian seeks to assert belongs to Air Cargo, which creates a question as to Praetorian's standing. "One specific aspect of standing is that one generally lacks standing to assert the rights of another." *State ex rel. Leung v. Sanders*, 213 W. Va. 569, 578, 584 S.E.2d 203, 212 (2003) (per curiam) (finding plaintiff in medical malpractice action lacked standing to assert any rights proposed third-party defendants had under the Medical Professional Liability Act). Thus, we have explained that

[t]raditionally, courts have been reluctant to allow persons to claim standing to vindicate the rights of a third party on the grounds that third parties are generally the most effective advocates of their own rights and that such litigation will result in an unnecessary adjudication of rights which the holder either does not wish to assert or will be able to enjoy regardless of the outcome of the case.

*Snyder v. Callaghan*, 168 W. Va. 265, 279, 284 S.E.2d 241, 250 (1981). There are, however, exceptions to this prudential standing rule.[11] We have held that

[t]o establish *jus tertii* standing to vindicate the . . . rights of a third party, a litigant must (1) have suffered an injury in fact; (2) have a close relation to the third party; and (3) demonstrate some hindrance to the third party's ability to protect his or her own interests.

Syl. pt. 5, in part, *Kanawha Cnty. Pub. Libr. Bd. v. Bd. of Educ. of Cnty. of Kanawha*, 231 W. Va. 386, 745 S.E.2d 424 (2013).[12] In this case, Praetorian does not meet the third factor

---

[11] The prudential standing rule "prohibits a party from litigating the rights of another." *State ex rel. Abraham Linc. Corp. v. Bedell*, 216 W. Va. 99, 112 n.3, 602 S.E.2d 542, 555 n. 3 (2004) (per curiam) (Davis, J., concurring). It "is not constitutionally based. *See American Fed'n of Gov't Employees, AFL-CIO v. Rumsfeld*, 321 F.3d 139, 142 (D.C. Cir. 2003) ('Prudential standing, unlike Article III standing, is based not on the Constitution, but instead on prudent judicial administration.' (internal quotation marks and citation omitted))." *Id.*

[12] The holding in *Kanawha County Public Library Board* is phrased in terms of vindicating the *constitutional* rights of a third party. *See* Syl. pt. 5, *Kanawha Cnty. Pub. Libr. Bd. v. Bd. of Educ. of Cnty. of Kanawha*, 231 W. Va. 386, 745 S.E.2d 424 (2013). However, it has been recognized that "[w]hile successful third-party standing claims have involved alleged violations of third parties' constitutional rights," the United States Supreme Court has "not stipulated that constitutional claims are a prerequisite." *Pa. Psychiatric Socy. v. Green Spring Health Servs., Inc.*, 280 F.3d 278, 291 (3d Cir. 2002). *See also State ex rel. Abraham Linc. Corp.*, 216 W. Va. at 112, 602 S.E.2d at 555 (Davis, J., concurring) (discussing *jus tertii* standing as an exception to the prudential standing rule, and explaining, at footnote 3, that prudential standing is not constitutionally based).

of the test for *jus tertii* standing in that it has failed to demonstrate any hindrance to Air Cargo's ability to assert its own workers' compensation immunity. Not only is Air Cargo a party to the wrongful death action, in its answer to Ms. Chau's complaint, Air Cargo asserted the defense of workers' compensation immunity. Moreover, in her response to Pretorian's motion to intervene, Ms. Chau pointed out that she has claimed Air Cargo is not entitled to workers' compensation immunity due to its alleged failure to comply with certain mandatory requirements. She averred that this issue is the subject of discovery in the wrongful death action. Thus, it appears that Air Cargo is pursuing its immunity defense, albeit not in the manner that Praetorian would prefer. Based on these facts, we find that Praetorian is not entitled to intervene for the purpose of asserting Air Cargo's workers' compensation immunity in the wrongful death action. *See, e.g.*, *Forrest v. C.M.A. Mortg., Inc.*, No. 06-C-14, 2007 WL 2903311, at *1 (E.D. Wis. Oct. 3, 2007) (denying, in part, motion to intervene because insurer, "as an intervening party, does not have standing to inject its views and arguments into the litigation of the claims between [the parties]").

Although the circuit court did not rely on standing to deny Praetorian's motion, "[t]his Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965). *Accord* Syl. pt. 2, *Milmoe v. Paramount Senior Living at Ona, LLC*, ___ W. Va. ___, 875 S.E.2d

13

206 (2022). Accordingly, we affirm the circuit court's denial of Praetorian's motion to intervene in the wrongful death action.

## III.

### DOCKET NO. 21-0682 – DECLARATORY JUDGMENT

Praetorian appeals two orders issued by the circuit court in its declaratory judgment action, one that granted Ms. Chau's and Air Cargo's motions to dismiss Count II of Praetorian's declaratory judgment complaint, and one that denied Praetorian's motion for summary judgment. Both orders were entered on July 28, 2021. Although Praetorian sets forth fourteen assignments of error, its analysis addresses only three main alleged errors: (1) the circuit court erred in finding the subject policy does not exclude coverage for Ms. Chau's deliberate intent claim; (2) the circuit court erred in applying the policy's domestic workers endorsement; and (3) the circuit court erred by dismissing Count II of Praetorian's complaint. After we set out the appropriate standards for our review of these issues, we will address them in turn.

### *A. Standard of Review*

Praetorian first challenges the circuit court's order denying its motion for summary judgment. Typically, the denial of a motion for summary judgment is an interlocutory ruling not subject to appellate review. However, this Court has explained that

14

> where . . . the order denying one party's motion for summary judgment simultaneously grants summary judgment to another party, such an order is final and appealable. In this regard, we have observed that "[a] motion for summary judgment which is granted . . . is an appealable final order." *Horace Mann Ins. Co. v. Leeber*, 180 W. Va. 375, 377 n. 5, 376 S.E.2d 581, 583 n. 5 (1988) (citation omitted). This is so because, "an order qualifies as a final order when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Durm v. Heck's, Inc.*, 184 W. Va. 562, 566, 401 S.E.2d 908, 912 (1991) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S. Ct. 631, 633, 89 L. Ed. 911, 921 (1945)) (additional citation omitted).

*Findley v. State Farm Mut. Auto. Ins. Co.*, 213 W. Va. 80, 100, 576 S.E.2d 807, 827 (2002).

Here, the circuit court did not deny summary judgment based on the existence of material questions of fact. Rather, the circuit court found that the policy's exclusion for intentional acts did not apply to preclude coverage for Ms. Chau's deliberate intent claim. By so doing, the circuit court effectively, though not expressly, granted summary judgment to Ms. Chau and Air Cargo by resolving the issue of coverage in their favor. Accordingly, the denial of Praetorian's motion for summary judgment is appealable, and our review is de novo. "This Court reviews *de novo* the denial of a motion for summary judgment, where such a ruling is properly reviewable by this Court." Syl. pt. 1, *id*.

Likewise, our review of the circuit court's order dismissing Count II of Praetorian's declaratory judgment complaint is de novo. "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc*., 194 W. Va. 770, 461 S.E.2d 516 (1995).

15

## B. Discussion

Applying the standard of review set forth above, we will address the three general assignments of error asserted by Praetorian in turn.

**1. Policy Exclusion for Deliberate Intent.** Praetorian first argues that the circuit court erred by failing to apply the exclusion for deliberate intent claims found in the policy issued to Air Cargo. In her amended complaint, Ms. Chau asserted a deliberate intent claim against Air Cargo under West Virginia Code § 23-4-2(d)(2)(B), alleging, in relevant part, that Air Cargo violated certain safety statutes, rules, regulations, and standards. West Virginia Code § 23-4-2(d) provides two ways for an employer to lose the immunity from suit provided by our workers' compensation law, one based on intentional acts, as set out in paragraph (2)(A) below, and the other based upon the violation of safety statutes and rules, as set out in paragraph (2)(B) below, which is the type of claim asserted by Ms. Chau:

> (2) The immunity from suit provided under this section and under sections six and six-a [§ 23-2-6 and § 23-2-6a], article two of this chapter may be lost only if the employer or person against whom liability is asserted acted with "*deliberate intention*[*."*] *This requirement may be satisfied only if:*
>
> > (A) It is proved that the employer or person against whom liability is asserted acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee. This standard requires a showing of an actual, specific intent and may not be satisfied by allegation or proof of: (i) Conduct which produces a result that was not specifically intended; (ii) conduct which constitutes negligence, no matter how gross or

16

aggravated; or (iii) willful, wanton or reckless misconduct; *or*

(B) The trier of fact determines, either through specific findings of fact made by the court in a trial without a jury, or through special interrogatories to the jury in a jury trial, that all of the following facts are proven:

(i) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

(ii) That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition.

. . . .

(iii) That the specific unsafe working condition *was a violation of a state or federal safety statute, rule or regulation*, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer.

. . . .

(iv) That notwithstanding the existence of the facts set forth in subparagraphs (i) through (iii), inclusive, of this paragraph, the person or persons alleged to have actual knowledge under subparagraph (ii) nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and

17

> > (v) That the employee exposed suffered serious compensable injury or compensable death as defined in section one [§ 23-4-1], article four, chapter twenty-three as a direct and proximate result of the specific unsafe working condition. . . .

W. Va. Code § 23-4-2(d)(2) (emphasis added).

> The policy Praetorian issued to Air Cargo contains the following exclusion:

> > This insurance does not cover:

> > 5. bodily injury intentionally caused or aggravated by you or which is the result of your engaging in conduct equivalent to an intentional tort, however defined, including by your deliberate intention as that term is defined by W. Va. Code § 23-4-2(d)(2).

The circuit court found this exclusion applied only to intentional torts, and therefore did not apply to a deliberate intent action founded on the violation of a safety rule or statute. Accordingly, the court found the policy excluded only deliberate intent actions brought under West Virginia Code § 23-4-2(d)(2)(A) and did not exclude deliberate intent actions asserted under West Virginia Code § 23-4-2(d)(2)(B).

> Wisconsin law applies to the interpretation of this policy.[13] Under Wisconsin law, unambiguous policy language is simply applied. "If the words of a contract convey a

---

[13] The parties agree that Wisconsin law applies because the policy was issued to Air Cargo at its headquarters in Wisconsin. *See* Syl., *Liberty Mut. Ins. Co. v. Triangle Indus., Inc.*, 182 W. Va. 580, 390 S.E. 2d 562 (1990) ("In a case involving the interpretation

18

clear and unambiguous meaning, our analysis ends. [*Goldstein v. Lindner*, 648 N.W.2d 892, 896 (Wis. Ct. App. 2002)]." *Marks v. Houston Cas. Co.*, 866 N.W.2d 393, 401 (Wis. Ct. App. 2015) (applying this standard to an insurance policy). We find no ambiguity in the exclusion quoted above. The exclusion plainly states that it does not cover bodily injury caused or aggravated by an insured's conduct equivalent to "deliberate intention as that term is defined by W. Va. Code § 23-4-2(d)(2)." Instead of applying this plain language, the circuit court limited its application to only West Virginia Code § 23-4-2(d)(2)(A). By doing so, the circuit court read into the exclusion a limitation that simply is not there. The policy language refers to the definition of "deliberate intention" found in West Virginia Code § 23-4-2(d)(2), which includes both subparagraphs (A) and (B). Air Cargo does not have coverage under this policy for the deliberate intent claim asserted by Ms. Chau under West Virginia Code § 23-4-2(d)(2)(B) as the policy plainly excludes coverage for such a claim. Therefore, we find that the circuit court erred in failing to apply the clear and unambiguous policy language.

Praetorian additionally argues that the circuit court erred in finding the deliberate intent exclusion violates Wisconsin Statutes §§ 632.23 and 632.25. We agree. The circuit court found that the intentional act exclusion violated Wisconsin Statutes

---

of an insurance policy, made in one state to be performed in another, the law of the state of the formation of the contract shall govern, unless another state has a more significant relationship to the transaction and the parties, or the law of the other state is contrary to the public policy of this state.").

19

§ 632.23, because this provision prohibits excluding or denying coverage based on the operation of an aircraft in violation of an air regulation. This statute is titled "[p]rohibited exclusions *in aircraft insurance policies*," and states: "[n]o policy covering any liability arising out of the ownership, maintenance or use of an aircraft, may exclude or deny coverage because the aircraft is operated in violation of air regulation, whether derived from federal or state law or local ordinance." Wis. Stat. § 632.23 (emphasis added).

Under Wisconsin law, "'[s]tatutory interpretation begins with the language of the statute.' *State ex rel. Kalal v. Cir. Ct. for Dane Cty.*, [681 N.W.2d 110, 124 (Wis. 2004)]." *State v. Dorsey*, 906 N.W.2d 158, 168 (Wis. 2018). "'[I]f the meaning of the statute is plain, we ordinarily stop the inquiry.' *Kalal*, [681 N.W.2d at 124.]" *Dorsey*, 906 N.W.2d at 168. The Supreme Court of Wisconsin has further explained that

> Context is important to meaning. So, too, is the structure of the statute in which the operative language appears. Therefore, statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results.

*Kalal*, 681 N.W.2d at 124. Furthermore, although "[s]tatutory titles are not part of the statute. *See* WIS. STAT. § 990.001(6), . . . [they] 'may be resorted to in order to resolve a doubt as to statutory meaning . . . .' *State v. Holcomb*, [886 N.W.2d 100, 104 (Wis. Ct. App. 2016)." *In re. E.K.*, No. 2021AP1377, 2022 WL 4242054, at *10 (Wis. Ct. App. Sept. 15, 2022). While the text of Wisconsin Statutes § 632.23 does not specify the type of

20

insurance to which it applies, reading that language in context, and considering its title, it is obvious that it applies to aircraft insurance policies. Because the Praetorian policy at issue is a workers' compensation and employers liability insurance policy, Wisconsin Statutes § 632.23 has no application, and the circuit court erred in finding that it precluded Praetorian from enforcing its deliberate intent exclusion.

The circuit court also found that, under Wisconsin Statutes § 632.25, "in the event it is determined that Air Cargo failed to comply with rules concerning the safety of persons, Praetorian shall be responsible to the Estate within the policy insurance limits of coverage" despite the policy's deliberate intent exclusion. Wisconsin Statutes § 632.25 provides that

> Any condition in an employer's liability policy requiring compliance by the insured with rules concerning the safety of persons shall be limited in its effect in such a way that in the event of breach by the insured the insurer shall nevertheless be responsible to the injured person under s. 632.24 as if the condition has not been breached, but shall be subrogated to the injured person's claim against the insured and be entitled to reimbursement by the latter.

Wis. Stat. § 632.25. This provision applies to "conditions," not "exclusions." Under Wisconsin law, "'[i]n an insurance policy, an exclusion is a provision which eliminates coverage where, were it not for the exclusion, coverage would have existed.' *Kan.-Neb. Nat. Gas Co. v. Hawkeye-Sec. Ins. Co.*, [240 N.W.2d 28, 32 (Neb. 1976)]." *Bortz v.*

21

*Merrimac Mut. Ins. Co.*, 286 N.W.2d 16, 19 (Wis. Ct. App. 1979). The Wisconsin Court

of Appeals has further explained that

> Section 632.25, Stats., refers to the "breach" of the
> "condition." This is in keeping with the principle that
> conditions but not exceptions or exclusions may be breached.
>
> Conditions provide for avoidance of liability if they are
> breached. An exception does not provide for a forfeiture, nor
> need it do so, since there never was an assumption of risk, there
> can be no liability under the policy although the policy remains
> in force in respect to the risks assumed. . . .
>
> A condition subsequent is to be distinguished from an
> exclusion from the coverage; the breach of the former is to
> terminate or suspend the insurance, while the effect of the latter
> is to declare that there never was insurance with respect to the
> excluded risk. . . .

*Bortz*, 286 N.W.2d at 20 (citations omitted). Because Wisconsin Statutes § 632.25 applies

to conditions rather than exclusions, the circuit court erred in applying it to the deliberate

intent policy exclusion at issue in this case.

**2. The Residence Employees Endorsement (referred to by Praetorian as
the Domestic Workers Endorsement).** The workers' compensation and employer's

liability insurance policy issued to Air Cargo includes a "Voluntary Compensation and

Employers Liability Coverage for Residence Employees Endorsement" ("residence

employees endorsement" or "endorsement"). The circuit court found that the deliberate

intent exclusion did not apply to the residence employees endorsement; therefore, coverage

existed for deliberate intent claims asserted by residence employees. The endorsement

states that certain terms, including "residence employee," "have the meanings stated in the policy." However, the policy does not provide a definition for this term. Absent a definition for the term "residence employee," the circuit court found the endorsement ambiguous. Applying Wisconsin law, under which ambiguities must be resolved in favor of the insured, the circuit court concluded that Ms. Ho "was arguably a 'residence employee' of [Air Cargo] within the meaning of the policy," which entitled Air Cargo to coverage for Ms. Chau's deliberate intent claim under the residence employees endorsement. To reach this conclusion, the circuit court reasoned that

> Under Wisconsin law, "residence" has been defined simply as "a person's house." *State v. Lorentz*, 389 Wis. 2d 377, 936 N.W.2d 415 ([Wis. Ct. App.] 2019). However, the term has also frequently been used to describe the act or fact of dwelling in a particular locality for some period of time and/or the status of a legal resident. *See, e.g., County of Dane v. Racine County*, 118 Wis. 2d 494, 347 N.W.2d 622 ([Wis. Ct. App.] 1984) (defining "residence" as "the voluntary concurrence of physical presence with intent to remain in a place of fixed habitation"); *Golembiewski v. City of Milwaukee*, 231 Wis. 2d 719, 605 N.W.2d 663 ([Wis. Ct. App.] 1999) (defining "residence" as "personal presence at some place of abode with no present intention of definite and early removal"); *Winnebago County v. [S.A.]*, 120 Wis. 2d 683, 357 N.W.2d 566 ([Wis. Ct. App.] 1984) [(unpublished table decision)] (defining "residence" as being physically present in a "county" with indefinite intent to remain).

> Based upon the above, the [c]ourt finds that it is reasonable to define "residence employee" as an employee of the insured who resides or has their legal residency in the state covered by the endorsement (in this case West Virginia). . . .

23

Praetorian argues that the circuit court erred by finding that Ms. Ho was a residence employee and, as a result, that Air Cargo had coverage for Ms. Chau's deliberate intent claim under the residence employee endorsement. We agree. Under Wisconsin law, if "language that is undefined in the policy is 'susceptible to more than one reasonable construction *when read in context*,' it is ambiguous." *Acuity v. Bagadia*, 750 N.W.2d 817, 823 (Wis. 2008) (emphasis added; citation omitted). Still, Wisconsin courts "interpret policy language according to its plain and ordinary meaning as understood by a reasonable person in the position of the insured." *Hirschhorn v. Auto-Owners Ins. Co.*, 809 N.W.2d 529, 535 (Wis. 2012). Additionally, "ambiguities are construed against the insurer, the drafter of the policy. . . . However, this does not mean that we must embrace any grammatically plausible interpretation created by an insured for purposes of litigation." *Id.* (citations omitted). Moreover, "[c]ourts are to 'interpret policy terms not in isolation, but rather in the context of the policy as a whole.' *Day v. Allstate Indem. Co.*, [798 N.W.2d 199, 206 (Wis. 2011)]." *Connors v. Zurich Am. Ins. Co.*, 872 N.W.2d 109, 116 (Wis. Ct. App. 2015).

The circuit court's analysis of the residence employee endorsement fails to read the term "residence employee" in context. To place the term "residence employee" in its proper context, the entire endorsement must be considered. This includes a schedule of rates for "Residence Employees" that places them in two classes: "Domestic Workers-Residences-Full-Time" and "Domestic Workers-Residences-Part-Time." Thus, when read

24

in its proper context, the residence employees endorsement clearly would not be "understood by a reasonable person in the position of the insured" to include the first officer of a flight crew, which is the position the decedent, Ms. Ho, held with Air Cargo. *Hirschhorn*, 809 N.W.2d at 535. Accordingly, we conclude that Ms. Ho was not a residence employee, and the circuit court erred in finding that Air Cargo was entitled to coverage for Ms. Chau's deliberate intent claim under the residence employees endorsement of the Praetorian policy.

Given the unambiguous language of the deliberate intent exclusion, and reading the residence employees endorsement in the proper context, we conclude that the circuit court erred by failing to grant summary judgment to Praetorian based upon the deliberate intent exclusion, which precludes coverage for Ms. Chau's deliberate intent claim against Air Cargo. Thus, we reverse the circuit court's summary judgement order, entered on July 28, 2021, and remand for entry of an order granting summary judgment to Praetorian on this issue.

**3. Dismissal of Count II of Praetorian's Declaratory Judgment Complaint.** Count II of Praetorian's declaratory judgment complaint asserted that Air Cargo was entitled to workers' compensation immunity from Ms. Chau's negligence claim in the wrongful death action under West Virginia Code § 23-2-6. Ms. Chau argued that the circuit court lacked subject-matter jurisdiction over Count II because resolution of the

merits of her negligence claim is the subject of her wrongful death action pending before another Kanawha County circuit court judge. Ms. Chau additionally claimed that Praetorian had no standing to litigate the merits of her underlying wrongful death negligence claim. Air Cargo filed a separate motion to dismiss Count II of Praetorian's complaint, but joined the arguments made by Ms. Chau and sought dismissal on those same grounds. By order entered on July 28, 2021, the circuit court granted the motions and dismissed Count II of Praetorian's complaint, concluding that Count II did not meet the requirements for a justiciable controversy in a declaratory judgment action insofar as the substantive claims of Count II were pending in another court. The circuit court pointed out that conflicting resolutions could be reached if both courts addressed the issue. Finally, the circuit court concluded that "Praetorian has presented no precedent recognizing an insurer's contingent indemnity obligation to create adverseness among it, an injured plaintiff, and its insured to establish standing to litigate the merits of a tort claim."

Before this Court, Praetorian argues that the circuit court erred by dismissing Count II of its declaratory judgment complaint. However, as explained above in Section II.B. of this opinion, we conclude that Praetorian has no standing to assert Air Cargo's entitlement to workers' compensation immunity. For this reason, we find no error and affirm the circuit court's order dismissing Count II of Praetorian's declaratory judgment complaint.

## IV.

## CONCLUSION

For the reasons explained above, in the appeal docketed as number 21-0243, we affirm the order of the Circuit Court of Kanawha County, entered on February 25, 2021, denying Praetorian's motion to intervene in Ms. Chau's wrongful death action because Praetorian lacked standing to intervene for the sole purpose of asserting Air Cargo's right to workers' compensation immunity. In the appeal docketed as number 21-0682, we affirm in part, reverse in part, and remand. We reverse the order of the Circuit Court of Kanawha County, entered on July 28, 2021, denying Praetorian's motion for summary judgment as to its entitlement to a declaration that the policy issued to Air Cargo excluded coverage for the deliberate intent claim Ms. Chau has asserted in her wrongful death action. Because we conclude the exclusion applies, we remand for entry of an order granting summary judgment to Praetorian on this issue. However, we affirm the circuit court's order, also entered on July 28, 2021, dismissing Count II of Praetorian's declaratory judgment complaint, which sought to assert Air Cargo's right to workers' compensation immunity, as we find Praetorian lacks standing on this issue.

Docket No. 21-0243, Affirmed.

Docket No. 21-0682, Affirmed in part, Reversed in part, and Remanded.

27